Argued March 11, reversed and remanded April 8, rehearing denied May 20, 1924.

JAMES C. DARE, *v.* C. L. BOSS AND R. J. McRELL, PARTNERS, AND HAROLD PRIDGEON.

(224 Pac. 646.)

**Master and Servant—Written Contract not Conclusive on Injured Third Party as to Relation.**

1. Where a salesman was employed by dealer to sell automobiles on commission under a written contract which obligated dealer to furnish him gasoline and supplies, but not a car, the written contract as between a person injured by salesman's negli-

---

See 29 C. J., p. 648; 26 Cyc., p. 1580; 28 Cyc., p. 48.

gence and the dealer was not conclusive as to the relation existing between the dealer and salesman.

**Master and Servant—Whether Relation of Master and Servant Existed Between Negligent Auto Salesman and Defendant Held for Jury.**

2. In an action for injuries sustained by plaintiff when struck by an automobile being demonstrated by a salesman to a prospective purchaser, whether the relation of master and servant existed between the salesman and defendant *held* for the jury.

**Highways—If Auto Owner Would Incur Chances of Danger by Removal of Disabled Car, Failure to Do so not Contributory Negligence.**

3. Laws of 1921, page 712, Section 19, providing that no vehicle shall be parked upon the main traveled portion of the highways, but that this shall not apply to any vehicle so disabled so as to prohibit the moving of the same, does not require a person to incur any chances of any serious injury by removal of a disabled car, and, if such removal would incur danger to the person occupying the car, there is no rule requiring him to take such chances.

**Highways—Whether Automobile Owner Guilty of Contributory Negligence in Parking Auto on Side of Road to Make Repairs Held for the Jury.**

4. Where the owner of a disabled automobile had drawn up to the side of the road to make repairs and had left ample room for other autos to pass and by his lights had given ample warning of his position, whether owner was guilty of contributory negligence, when an auto moving in the same direction ran into his auto, *held* for the jury.

**Master and Servant—Judgment Against Automobile Owner and Salesman Improper on Verdict Failing to Find Against Negligent Driver Joined as Defendant.**

5. In an action against the driver, owner and salesman of an automobile for injuries in a collision based on the negligence of the driver, judgment against the owner and salesman, but not against the driver, will be reversed where no verdict had been rendered against the driver, since owner's and salesman's liability must be predicated on driver's negligence.

From Multnomah: W. N. GATENS, Judge.

Department 2.

This is an action brought to recover of the defendants on account of injuries received in a collision with an automobile driven, as alleged, by defendant company's agent, and the substance of the complaint is as follows: It is charged that defendant Sam Little, as

an employee of the defendant company, among other
duties he performs, acts as salesman in the disposal
of automobiles and takes prospective buyers out who
desire to purchase automobiles and demonstrates the
qualities of the automobiles which the defendant com-
pany is engaged in selling. It is alleged that Prid-
geon was a prospective purchaser of an automobile
from the defendant company, or that he was in the
employment of the company, the exact nature of their
relationship being unknown to plaintiff. In a sepa-
rate paragraph it is alleged that at the time of the
injury set forth in the complaint defendants Little
and Pridgeon were the employees and agents of the
Boss Automobile Company and that all of the acts
set forth in the complaint were done for the Boss
Automobile Company and done as agents and em-
ployees thereof. It is further alleged that on the
sixteenth day of July, 1921, plaintiff was driving
southerly towards Portland on the Portland and As-
toria Highway in his automobile and when at a dis-
tance of probably a mile north of Linnton he met
with an accident which compelled him to stop his ma-
chine to make repairs thereon; that for the purpose
of making the repairs he pulled his automobile to the
west side of the road as far as the condition of the
highway would permit, and his automobile was so
situated that any person approaching from either
direction could readily see it for a distance of sev-
eral hundred feet; that it was dark and plaintiff had
his lights burning in both the front and rear of his
machine and was in front of it, making the repairs,
and his family was seated in the automobile, when
the defendants Little and Pridgeon, traveling south,
approached plaintiff's automobile from the rear, trav-
eling carelessly and negligently at a speed of from

thirty-five to forty miles an hour, and under the influence of liquor, and carelessly and negligently ran against and into plaintiff's automobile from the rear, damaging it and forcing it forward, causing it to run over plaintiff and injuring him to such an extent that in the future he will not be able to follow his usual vocation as a mechanic. Plaintiff then sets forth his earning capacity and a further description of his injuries, which are not material here.

Sam Little answered, admitting that there was a collision on the highway near Linnton about the sixteenth day of July, 1921, between the car driven by defendant Pridgeon and the car of plaintiff, and admitting that as a result of the accident plaintiff received some injuries, but denied all of the other allegations of the complaint. For a further answer defendant Little alleged: That on or about July 16, 1921, defendant Pridgeon was driving an automobile south on the Portland and Astoria Highway, about a mile or a mile and a half north of Linnton, and that prior thereto plaintiff had, for some reason unknown to defendant, parked his car on said road, facing south, but so parked that one half thereof was standing on the traveled portion, or hard-surfaced portion, of the main highway; that said highway is one ordinarily congested with traffic and was congested at the time of the accident; that it was quite dark and that plaintiff had parked his car on the traveled portion of the highway without any lights, or lights sufficient to be seen, in such a manner as to make it dangerous for traffic on the road; that the car driven by Pridgeon, in which Little was riding, was being driven slowly and that both Pridgeon and Little were giving due and reasonable attention to the traffic on the road when they came suddenly upon plaintiff's

111 Or.—13

automobile, parked as alleged in the answer, and that before Pridgeon could stop the car he was driving it collided with the car of plaintiff, causing the accident; that plaintiff was guilty of gross carelessness, recklessness and negligence in that, although he knew said road was congested with traffic, he left his automobile parked so that a portion of it was upon the main traveled portion of the highway, and that plaintiff's automobile was left without any rear light or any light sufficient to permit Pridgeon or Little to see any car in the road—all of which negligence of plaintiff contributed to the accident; that plaintiff could have prevented the accident by moving his car off the traveled portion of the highway and could have moved it to some place where the road was wide enough so that he could have parked it entirely off of the main traveled portion of the highway, and that plaintiff's automobile was not so disabled prior to the accident as to prevent it from being moved.

The defendants C. L. Boss and R. J. McRell answered and admitted that Little was an employee of the Boss Automobile Company and that the collision occurred on the date mentioned in the complaint between the car driven by defendant Pridgeon and the car driven by plaintiff, and admitted that plaintiff was injured, but denied all of the other allegations of the complaint. For a further and separate answer to the complaint they alleged substantially the same defense of contributory negligence as that of defendant Little. Pridgeon answered, setting up practically the same defense of contributory negligence of plaintiff as in the answer of the other defendants.

On the trial the plaintiff introduced evidence tending to support the allegations of the complaint that the car driven by Pridgeon had a dealer's license of

the defendant company upon it, and also declarations of members of the defendant company that Little was employed by the company and was engaged in demonstrating the car for the company, with a view of a sale to Pridgeon; and, in addition to this, introduced evidence of the drunkenness of Little and Pridgeon and of the fact that they were driving at a high rate of speed—sufficient, if uncontradicted, to have made a *prima facie* case against the defendants.

Plaintiff's testimony tended to show that at the date of the accident he was driving south on the main highway between Scappoose and Portland when one of his tires was punctured and that he drew up as near the west side of the highway as he deemed safe, leaving the wheels on the east side of his car from eighteen to twenty inches upon the hard surface, and was engaged in repairing the puncture when the car occupied by Pridgeon and Little and driven by Pridgeon crashed into him, occasioning the injuries, the seriousness of which is not substantially disputed. The plaintiff's testimony is to the effect that one of the front tires of his car was so flattened as a result of the puncture that it would have been dangerous for him to have driven farther with it in that condition and that he stopped his car as far off the road as appeared safe to him; and that there was ample space for the car occupied by Pridgeon and Little to have passed him without injury. Plaintiff testified that the tail light on his machine was burning brightly, so that defendants Pridgeon and Little could have seen it, had they been careful; they being headed in the same direction as the car of plaintiff.

The case was submitted to the jury by agreement of counsel with instructions to bring in a sealed verdict. Among other forms of verdicts submitted to the

jury was one against all of the defendants.   When the
verdict was opened the next day, and after the jury
had dispersed, it was found that the name of Pridgeon
had been erased, leaving a verdict against the defend-
ants Boss, McRell and Little, and no affirmative ver-
dict either way as to Pridgeon.   Thereupon the de-
fendants moved that the court enter judgment in favor
of all the defendants, which motion was overruled,
and the court entered a judgment in favor of plaintiff
and against the defendant company and Little and in
favor of Pridgeon, dismissing as to him.   At various
stages of the case there were motions for nonsuit and
directed verdict, which it is not necessary to set forth
further in this case.

REVERSED AND REMANDED.   REHEARING DENIED.

For appellants there was a brief over the names
of *Messrs. Wilbur, Beckett & Howell* and *Mr. John F.
Logan,* with an oral argument by *Mr. H. B. Beckett.*

For respondent there was a brief and oral argument
by *Mr. P. J. Bannon.*

McBRIDE, C. J.—1, 2. The testimony as to
Little's exact status in the company is very contradic-
tory.   A written contract between the defendant com-
pany and Little was introduced, which upon the face
of it shows that he was employed to sell cars upon
a commission; the company being under obligation to
furnish him with gasoline and such things as he re-
quired, but not obligating the company, so far as it
appears, to furnish him with a car.   The testimony
indicates that he was not to receive any compensation
excepting on the condition of making a sale.   There is
further testimony to the effect that the company did
not profess to direct his movements while he was

engaged in demonstrating, and that, with the exception of acting as a salesman on a commission, the company exercised no control over his movements. But the written contract is not, as between the company and the plaintiff here, conclusive, however strong it might appear to a person simply depending upon it for information as to the status of the parties. The fact that Pridgeon was driving a car with a dealer's license on it in the name of the defendant company, and the alleged admissions testified to by members of the company that Little was demonstrating for them, are some evidence connecting the company with the ownership of the car and tending to indicate the relationship of master and servant between the parties. However weak this testimony may seem to us it was sufficient to go to the jury, and we think the motion for nonsuit upon this ground was properly overruled.

3, 4. The objection that plaintiff was guilty of contributory negligence, as a matter of law, while plausible, cannot be sustained. Section 19, Chapter 371, of the General Laws of Oregon for 1921, at page 712, contains the following clause:

" * * No vehicle shall be parked upon the main-traveled portion of the highways of this state; provided, that this shall not apply to any vehicle so disabled as to prohibit the moving of the same."

We find no definition in the statute of the word "park," but we take it that it means something more than a mere temporary or momentary stoppage on the road for a necessary purpose. Neither do we understand this statute to require a person to incur any chances of any serious injury by removal of a disabled car; but in such case, if the testimony indicates that such removal would incur danger to the

person occupying the car, there is no hard and fast rule requiring him to take such chances. The "rule of reason" applies here, and if it should have appeared to the jury that he could have moved the car safely he would have been guilty of contributory negligence in failing to do so, but unless the testimony is uncontradicted the court should not hold that stopping to repair a temporary disability is contributory negligence as a matter of law; and especially is this true in a case where it appears from the plaintiff's evidence that the party injured had left ample room to pass and by his lights had given ample warning so that there could be no plausible excuse for running into him. We do not think, as a matter of law, the court could say to the jury that the plaintiff was guilty of contributory negligence, but properly left it to the jury to find on this subject.

5. But there is one proposition that makes it necessary to reverse this case, and that is the fact that the jury, in effect, has found Pridgeon, who was driving the car by permission of Little, not guilty of negligence in crashing into plaintiff's car, or at least has failed to find on that subject. There could be no negligence except that imputed from the relationship of the parties and, unless Pridgeon was negligent, no negligence could, under any circumstances, be imputed to the defendant company. That is to say, if the collision was without negligence on the part of the driver of the car, it could not be negligence on the part of anyone else. To say that Pridgeon was not negligent is to say that nobody in charge of the car was negligent, because it was his hand steering the car, and whatever injury occurred, if any, for which anybody was liable must have been through his agency; and this is sustained by all of the authori-

ties: *Childress* v. *Lake Erie etc. R. Co.,* 182 Ind. 251
(105 N. E. 467); *Webster* v. *Chicago, St. P. M. & O.
Ry. Co.,* 119 Minn. 72 (137 N. W. 168); *Rathjen* v.
*Chicago, B. & Q. R. Co.,* 85 Neb. 808 (124 N. W. 473);
*Loveman* v. *Bayless,* 128 Tenn. 307 (160 S. W. 841,
Ann. Cas. 1915C, 187); *Emmons* v. *Southern Pac. Co.,*
97 Or. 263, 296 (191 Pac. 333).

For this reason the judgment of the Circuit Court
is reversed and a new trial is directed.

REVERSED AND REMANDED.   REHEARING DENIED.

BEAN, BROWN and McCOURT, JJ., concur.