Submitted on brief June 7, affirmed July 12, 1927.

## ORA NOBLE v. JAMES K. SEARS.

(257 Pac. 809.)

**Highways—Driver's Negligence in Crossing Highway at Excessive Speed Held for Jury, Where Another Automobile was Driven Against Pole in Avoiding Collision (Laws 1925, p. 160, § 2).**

1. Where an automobile on a county road entered and crossed a primary highway so as to cause an automobile on the primary highway to be driven against a telephone pole, injuring an occupant in an attempt to avoid a collision, whether the driver of the first automobile was guilty of negligence in entering intersection at a speed in excess of five miles per hour and increasing his speed as he entered, contrary to Laws of 1925, page 160, Section 2, *held* a question for the jury.

**Negligence—Violation of a Law is "Negligence."**

2. The violation of a law will be deemed to constitute "negligence" in itself.

**Highways—Automobile Driver is Negligent if He Crosses Primary Highway at Unlawful Speed, Causing Another Automobile to be Driven Against Pole (Laws 1925, p. 160, § 2).**

3. If an automobile on a county road enters and crosses a primary highway at a speed in excess of five miles per hour and materially increases the speed as he enters, contrary to Laws of 1925, page 160, Section 2, so as to cause an automobile on the primary highway to be driven against a telephone pole in an attempt to avoid a collision, the driver of the first automobile is negligent, since the violation of a law is negligence.

**Appeal and Error—Supreme Court must Accept Verdict Supported by Material Evidence.**

4. The Supreme Court cannot weigh the evidence but must accept the verdict of the jury, if there is any material evidence to support it.

**Highways—Contributory Negligence of Occupant of Automobile, Driven Against Pole in Avoiding Collision With Automobile Crossing Highway at Negligent Speed, Held for Jury.**

5. Where an automobile was driven against a telephone pole, injuring the driver's wife, in an attempt to avoid a collision when another automobile entered and crossed the highway at an intersection at a negligent rate of speed, whether the injured wife of the driver of the first automobile was guilty of contributory negligence *held* a question for the jury.

2. See 20 R. C. L. 38.
4. See 2 R. C. L. 194.
5. Emergency rule as applied to automobile drivers at street intersections, see note in 27 A. L. R. 1203.

**Highways—Instructions on Care Required of Automobile Driver not Having Precedence at Crossing Held not Misleading.**

6. Instruction that, if a traveler not having the right of precedence at a crossing comes to the crossing and finds no one approaching upon the other highway within such distance as reasonably to indicate danger of interference or collision, he may use the crossing as a matter of right, *held* not misleading, in view of instructions requiring automobile driver and his injured wife to exercise the care that an ordinarily prudent person would exercise.

**Highways—Existence of Emergency Held for Jury, Where Automobile was Driven Against Pole When Another Automobile Crossed Highway at Negligent Speed.**

7. Where an automobile was driven against a telephone pole in an attempt to avoid collision when an automobile crossed the highway at an intersection at a negligent rate of speed, whether an emergency existed just prior to the accident *held* a question for the jury.

**Highways—Whether Cause of Emergency was Automobile Crossing at Negligent Speed Held for Jury, Where Another Automobile was Driven Against Pole.**

8. Where an automobile on a highway was driven against a telephone pole, injuring the driver's wife in an attempt to avoid a collision when an automobile crossed the highway at an intersection at a negligent rate of speed, whether the cause of the emergency was this automobile driver crossing the highway at a negligent rate of speed *held* a question for the jury.

**Highways—Instructions Applying Emergency Rule to One Driving Automobile Against Pole in Avoiding Collision at Intersection Held not Error.**

9. Instruction that, if automobile driver, who drove his automobile against a telephone pole in an attempt to avoid collision when another automobile crossed the highway at a negligent rate of speed, and his injured wife were confronted with sudden peril and by reason thereof their judgment was clouded and they did not act as they might have otherwise, they could not be held responsible for error in judgment *held* not erroneous, in view of instructions requiring automobile driver and his injured wife to exercise the care which a reasonable person would exercise under similar circumstances.

**Appeal and Error—In Absence of Error in Conduct of Trial, Supreme Court cannot Investigate Facts (Const., Art. VII, § 3c).**

10. If no error appears in the conduct of the trial, the Supreme Court is not at liberty to investigate the facts, under Constitution Article VII, Section 3c.

**Appeal and Error—Complaint of Interrogation as to Value of Property of Defendant Held not Before Court Where Question was not Objected to Ruling Asked for or Made, or Error Based on**

Testimony Incorporated in Bill of Exceptions or Assigned in Abstract of Record.

11.   Defendant sued for personal injuries *held* not to present to Supreme Court complaint of interrogation regarding the value of his property where no objection was made to the question, and no ruling of the trial court was asked or made, and no error on that testimony was incorporated in bill of exceptions or assigned in the abstract of the record.

Appeal and Error, 3 C. J., p. 808, n. 91, p. 890, n. 19, p. 1330, n. 44; 4 C. J., p. 70, n. 90, p. 843, n. 65, p. 844, n. 66, 69, p. 850, n. 51, p. 852, n. 56.
Highways, 29 C. J., p. 653, n. 56, p. 667, n. 9, p. 668, n. 13, 15, p. 669, n. 30, 32.
Negligence, 29 Cyc., p. 434, n. 32, p. 436, n. 50, p. 437, n. 52, p. 543, n. 13, p. 628, n. 42, p. 640, n. 13, p. 641, n. 20.
Trial, 38 Cyc., p. 1681, n. 10.

From Marion: PERCY R. KELLY, Judge.

In Banc.

The plaintiff recovered a judgment against defendant for personal injuries received in an automobile accident May 2, 1926. Plaintiff was riding with her husband along the West Side Pacific Highway traveling northerly near McCoy. Defendant was traveling on a county road westward towards McCoy at the same time. Another automobile was approaching the intersection of said highway and county road, traveling south at the same time. In order to avoid a collision with the defendant's automobile, plaintiff's husband swerved his car suddenly towards the left and in doing so had to also avoid collision with the automobile traveling southward, approaching the same intersection. As a result the automobile in which plaintiff was riding came in contact with a telephone pole, injuring the plaintiff. Plaintiff charges the defendant with negligence in this that he drove into said intersection at a speed greatly in excess of five miles per hour and just as he entered the intersection spurted up the speed of his car. Defendant denies negligence on

his part and alleges contributory negligence on the part of plaintiff and her husband. A verdict was returned by the jury in favor of plaintiff against defendant for the sum of $3,000. The appeal is from the judgment entered on that verdict.

AFFIRMED.

For appellant there was a brief over the names of *Mr. James G. Heltzel, Mr. Oscar Hayter* and *Mr. R. S. Kreason.*

For respondent there was a brief over the names of *Messrs. Vinton & Tooze* and *Mr. Eugene E. Marsh.*

COSHOW, J.—1. Defendant assigns six grounds of error in his appeal. The first three are treated together in defendant's brief and will be disposed of in the same order in this opinion. The three assignments are that the court erred in refusing to direct a verdict for defendant; in submitting the case to the jury, and in entering a judgment for plaintiff on the verdict. The bill of exceptions clearly discloses evidence tending to prove negligence on the part of defendant. Not only the plaintiff and her husband but a disinterested witness, who saw the defendant's car approach and enter the intersection, testified that defendant entered the intersection at a speed in excess of five miles per hour and as he entered materially increased the speed of his car. The West Side Pacific Highway is a primary highway: Or. L. 1925, Chap. 104, § 2.

2-5. It has been so often determined by this court that the violation of a law is negligence that no elaboration is required to show that the testimony referred to tends to establish negligence on the part of defendant: *Ramp* v. *Osborne,* 115 Or. 672, 961 (239

Pac. 112). This court cannot weigh the evidence but must accept the verdict of the jury, if there is any material evidence to support it. It thus appears clearly that it was not error for the learned judge to deny the motion for a directed verdict, or to submit the case to the jury, or to render judgment on the verdict, unless the evidence discloses as a matter of law that the plaintiff was guilty of negligence which contributed to her own injury. The evidence does not disclose any such state of facts. It is not seriously contended by the defendant that plaintiff was guilty of contributory negligence. The facts, as related by both parties, disclose that the accident was the result of the three cars approaching the intersection almost simultaneously and there is no evidence to show that the plaintiff had control of the car in which she was riding or that she could have done anything to have avoided the accident. Defendant does not contend that plaintiff is responsible for her husband's lack of judgment or for his neligence, unless she contributed to such negligence. The evidence does not justify this court in saying that plaintiff was guilty of negligence as a matter of law. Whether or not she was guilty of negligence was submitted to the jury under proper instructions, and the jury found in her favor. We are bound by that verdict.

6. The fourth assignment of error is based on the instruction of the court in the following language:

"This right of precedence at a crossing has no proper application except where the travelers, or vehicles on the intersecting highways approach the crossing so nearly at the same time and at such rate of speed, that if both proceed each without regard for the other, a collision or interference between them is reasonably to be apprehended. In such a

case it is the right of the one having the precedence to continue his course, and it is the duty of the other to yield him the right of way. But if a traveler not having such right of precedence comes to the crossing and finds no one approaching it upon the other highway within such distance as reasonably to indicate danger of interference or collision, he is under no obligation to stop or wait, but may proceed to use such crossing as a matter of right."

This instruction was approved in *Johnson* v. *Underwood*, 102 Or. 680, 698 (203 Pac. 879). It was criticised in *Ramp* v. *Osborne*, 115 Or. 672, 702 (239 Pac. 112). It was criticised in the latter case, however, because it did not go far enough in that case. It did not require the plaintiff not having the right of way to look as the law required him to look or to take such precautions as the law enjoined upon him for his own protection. In the instant case the learned trial judge fully and repeatedly instructed the jury that the plaintiff and her husband were bound to exercise ordinary care in approaching the intersection and traversing the same. While the instruction under the authority of *Ramp* v. *Osborne*, above, if taken alone would be subject to criticism, when considered with its context it is not erroneous. In the immediate connection with that instruction he instructed the jury:

"If plaintiff's husband is shown to have been negligent and his negligence, if any, was the sole cause of the injury to plaintiff, your verdict should be for the defendant, for the defendant would not be responsible for injuries produced solely by the negligence of the husband."

He also instructed the jury:

"The law imposed upon the plaintiff as a passenger in her husband's automobile, the duty only of conducting herself as a reasonable prudent passenger riding with her husband would conduct herself in like circumstances, and if Mrs. Noble in her conduct in this case acted as a reasonably prudent wife riding with her husband would have acted in like circumstances, then she could not be held guilty of negligence, * * ."

Other instructions covered the same principle. The duty of the plaintiff to exercise the care that an ordinarily prudent person would exercise under the same circumstances was stressed in the charge to the jury so that there is no probability that the jury could have been misled because that duty on the part of plaintiff was not used in the sentence reading as follows:

"But if a traveler not having such right of precedence comes to the crossing and finds no one approaching it upon the other highway within such distance as reasonably to indicate danger of interference or collision, he is under no obligation to stop or wait, but may proceed to use such crossing as a matter of right."

7, 8. The fifth assignment of error is based upon the following instruction:

"If you should believe from a preponderance of the evidence herein that the defendant Sears was negligent in one or more respects as charged in the complaint, and that through no fault of the plaintiff or her husband, the plaintiff and her husband were confronted with sudden peril caused by the conduct of the defendant, and by reason thereof their judgment was clouded and they did not do just as they might have done had their judgment been not so clouded, they cannot be held responsible in such cir-

cumstances for an error in judgment, if any, even though they did the wrong thing ·in trying to save themselves and avoid accidents.''

9. Defendant attacks this instruction on two grounds. First, he claims that the undisputed facts show conclusively that no emergency in fact existed, or if there was in fact an emergency, it was brought about by the negligent acts of the plaintiff's husband and not by the acts of the defendant. Second, the instructions given did not embody a correct statement of the emergency rule in that it casts no duty upon the plaintiff to make such a choice as a person of ordinary prudence placed in such a position might make. Whether or not there was an emergency is a question of fact. From the evidence previously referred to above, it appears that plaintiff's husband was obliged to act suddenly and unexpectedly because defendant's car as it approached the intersection suddenly increased its speed. A disinterested witness testified that defendant's automobile ''shot'' across the intersection. There is evidence, therefore, from which the jury might conclude that an emergency existed and that that emergency was caused by the defendant suddenly and unlawfully increasing the speed of his car as he entered the intersection. The other ground is the same as the objection to the instruction first set out herein and sufficient has been written in regard to that. Suffice it to say that the learned judge repeatedly instructed the jury that the plaintiff, her husband, and defendant were all bound by the same law to exercise that care which a reasonably prudent person would exercise under similar circumstances. It was not necessary to repeat that elementary principle with every sentence in the instructions.

10, 11. The sixth assignment is that the court erred in overruling the motion for a new trial. The new trial was based upon the errors already considered and the claim of the defendant that the amount allowed plaintiff is excessive and, therefore, the result of passion and prejudice. We believe there is no merit in defendant's contention in that regard. Under Article VII, Section 3c, of the Constitution, having found no error in the conduct of the trial, this court is not at liberty to investigate the facts: *Hoag* v. *Washington-Oregon Corp.,* 75 Or. 588, 614 (144 Pac. 574, 147 Pac. 756); *Mount* v. *Welsh,* 118 Or. 568, 598 (247 Pac. 815). In this connection complaint is made because defendant was interrogated regarding the value of his property. No objection was made to the question propounded in that behalf. No ruling of the trial court was asked for or made. No error based on that testimony is incorporated in the bill of exceptions or assigned in the abstract of record. That complaint is not before this court and is not considered.

The judgment is affirmed.                    AFFIRMED.