Argued February 28, affirmed March 5, 1929.

CARROLL AGEE v. H. L. CHAPIN.

(274 Pac. 1097.)

For appellant there was a brief over the name of *Mr. E. L. McDougal* with an oral argument by *Mr. Randall S. Jones.*

For respondent there was a brief over the names of *Messrs. Vinton & Tooze* and *Mr. Eugene E. Marsh* with oral arguments by *Mr. Walter L. Tooze* and *Mr. W. T. Vinton.*

PER CURIAM.—Plaintiff recovered judgment against defendant for personal injuries received when defendant's car struck plaintiff on the highway a few miles south of Amity. At the same time and place one Oakley Smith was struck by defendant's car, also receiving injuries. Both of the parties so injured sued the defendant and the two cases were tried together in the Circuit Court and presented together in this court.

1. The principal question raised on the appeal is alleged error because the court did not instruct the jury that disobedience of the law was negligence. We have read the instructions with care and find that the court did in substance tell the jury that both par-

ties were bound by the law. The court read the law of the road in part and explained that both parties were required to obey the law of the road. It would have been much better if the court had instructed the jury specifically that a violation of the law was negligence. In view, however, of the general instruction taken as a whole and of the gross negligence on the part of defendant, the judgment must be affirmed.

Defendant testified on cross-examination that he could see the lights of the car on which plaintiff was assisting in repairing a tire, and was in the act of filling the tire with air at the time he was struck by defendant's car, for a distance of 1,000 to 1,200 feet; that for a distance of 300 to 400 feet the bright lights from plaintiff's car so blinded the defendant that he could not see ahead of him; that notwithstanding his vision was so impaired he continued at the rate of 30 miles an hour without slacking his speed at all.

2. There was some conflict in the testimony in regard to the exact location of the car on which he was working, but the verdict of the jury determines that the car on which plaintiff was at work was partially off the paved portion of the highway and that plaintiff was obliged to stop for repairs and could not get entirely off the pavement with safety.

No new question of law is involved, and the case is affirmed.                                        AFFIRMED.