Argued January 23; affirmed February 19, 1935

# HORNSHUH *v.* ALLDREDGE ET AL.

(41 P. (2d) 423)

420

*Chas. R. Spackman, Jr.,* of Portland, for appellant.

*Glenn R. Jack,* of Oregon City (Butler & Jack, of Oregon City, on the brief), for respondent.

BEAN, J. The testimony in the case tended to show the following facts: On February 26, 1933, at about 2 o'clock in the morning, the plaintiff, Walter Hornshuh, was passing through Oregon City en route to his home at Beaver Creek in a general easterly direction from Oregon City. He was approaching the city limits of Oregon City, traveling on Molalla Ave., when his car ran out of gasoline. He pulled off the paved portion of the highway with all his car on the adjoining shoulder which was wet and soft, except the left rear wheel which extended on the pavement a distance of approximately one foot. He could not push the car entirely off the pavement as the shoulder was wet and muddy. Molalla Ave. is a city street with a 16-foot pavement in the center, and, on the opposite side of the paved portion from where Hornshuh stopped his car, there was a shoulder referred to as being in good condition, for a width of from three to five feet. Hornshuh made the usual examination to determine that his car was out of gasoline. He left his wife and small son in his automobile with the lights on dim and returned to a service station some two and one-half blocks toward Oregon City for gasoline. The Hornshuh car was stopped approximately 125 feet from the last arc light over Molalla Ave., and the arc light was sufficiently brilliant to illuminate objects in front of the Hornshuh car. The place where he had stopped was a straight highway extending two and one-half blocks behind his car and a considerable distance in front of his car. Hornshuh obtained some gasoline and replenished his car, placed the can in the back of the car and was about to climb

into his automobile when defendant Alldredge, driving his Chevrolet coupe, turned on Mollala Ave., at the intersection where the street light hangs, and drove toward Oregon City, facing the Hornshuh car on Molalla Ave. until he was at a point opposite the Hornshuh car where Alldredge stopped his automobile on the pavement, as some of the testimony indicated, about two feet from the edge on the left of the Alldredge car, leaving only about seven feet between the cars. When Alldredge, who was a police officer of Oregon City, asked Hornshuh what he was doing and was informed that his car ran out of gasoline, Alldredge said something that Hornshuh did not understand and he stepped over to Alldredge's car to ascertain what he said, which is the last he remembered of the accident. It was a cold, windy night, and had been raining. The Hornshuhs noticed the bright lights on the Alldredge automobile. The cars remained in this position, although Alldredge claimed to have moved slightly forward and farther off the pavement, until Vurl Roberts, operating an automobile owned by his mother, Hattie Roberts, driving in the same direction the Hornshuhs were traveling, came upon the scene of the accident, and, blinded by the lights on the Alldredge car, drove into the Hornshuh automobile, striking plaintiff and carrying him about 70 feet, depositing him on the edge of the pavements, unconscious and severely injured. Vurl Roberts testified:

"Well, I was coming with the lights in my eyes. I figured that the car was coming. And if it hadn't been a road I knew I would have to stop. But I drove over enough to know the road was a straightaway, so I just watched the glare of the light to know where the road was. So I dimmed my lights, figuring that the car would dim and I could see the road. But he didn't."

Plaintiff charges that defendant Alldredge was negligent in the following particulars: that defendant

parked said automobile, with the bright lights on, on the pavement or traveled portion of Molalla Ave.; that defendant operated his automobile on a stormy night with the bright lights on full tilt; that defendant failed to operate or park said automobile in such a manner as to protect life, limb and property of the general public, and particularly the life, limb and property of this plaintiff.

Defendant denied the acts of negligence charged against defendant and set up as contributory negligence against plaintiff that plaintiff failed and neglected to park his automobile off the main traveled portion of said Molalla Ave., when it was practicable to park or leave said automobile standing off the paved or main traveled portion of said highway, and when the nature of the disability of said automobile was such that it was possible to avoid stopping and parking said automobile in such position; that plaintiff neglected to have displayed upon his automobile, so parked, one or more lamps, so that there were no parking lights or warning lights of any kind burning on his automobile at the time and place of the accident; that plaintiff failed to exercise the ordinary care and prudence of a reasonably prudent man under the circumstances. The jury viewed the premises where the accident occurred.

■ Defendant contends that the court erred in denying the motions of defendant Alldredge for a nonsuit and directed verdict. The testimony in the case is conflicting. The law makes the jury the judge of the value and effect of evidence. Therefore, we have no right to set aside the verdict unless there was a total lack on the part of plaintiff to introduce any substantial evidence to sustain his contention: *Watt v. Associated Oil Co.,* 123 Or. 50, 56 (260 P. 1012); *Kohanek v. Rudie Wilhelm Warehouse Co.,* 129 Or. 642 (276 P. 693). The testimony

of the other witnesses tended to support the testimony of plaintiff.

■ Chapter 360, section 60 (c), Oregon Laws, 1931, provides: "Whenever a motor vehicle meets another vehicle on any highway at night time upon a wet, hard-surface highway, the driver of such motor vehicle shall dim his head lamps * * *". The testimony tended to show that defendant Alldredge absolutely failed to obey this requirement of the statute, and that this was the proximate cause of the accident and injury. He testified in his own behalf to the effect that before he started on his ride he checked the lights and knew they were tilted, because he had been instructed to drive with tilted lights. It appears that defendant Alldredge was not very familiar with the dimming of the lights of the car he was driving. There was evidence tending to show that the defendant Alldredge stated soon after the accident, when questioned about why he parked on the pavement, that "an officer had a right to park wherever he wanted to".

In *Johnson v. Hoffman,* 132 Or. 46 (284 P. 567), at pages 59, 60 and 61, the question of motion for nonsuit is discussed, and it is there stated:

"The court may not take the cause from the jury if there is some competent evidence produced by the plaintiff supporting each material allegation in the complaint. The evidence is circumstantial. Yet each item of evidence is to be considered with all of the circumstances of the case. When so considered, to what conclusion of fact do they lead touching the question here? May the court say that there is such an absence of proof that the cause should not be submitted to the jury? After considering the question carefully, we are of the opinion that the lower court rightfully determined that the said motions of appellant should be overruled."

■ Defendant Alldredge claims that plaintiff was guilty of contributory negligence. Chapter 360, section

50 (a) and (c), Oregon Laws, 1931, provides as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 16 feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway.

"(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position, nor to emergency cars or vehicles of the police, traffic or sheriff's office, or the fire department or ambulances where such vehicles at the time are actually used in an emergency which necessitates a violation of the provisions hereof."

In so far as this section of the statute quoted applies to plaintiff, the testimony indicated that on account of the want of gasoline the Hornshuh car was disabled so that, according to plaintiff's testimony. it was impossible for him to drive the car entirely off the pavement and avoid stopping with the left hind wheel on the pavement about a foot, but that there was a clear. and unobstructed width of 16 feet upon the main traveled portion of the highway left until defendant stopped his car thereon. The jury might have concluded from the testimony that the Hornshuh car was practically off the pavement, that a sufficient space was left and that the plaintiff was not guilty of contributory negligence.

We can not say, as a matter of law, that the plaintiff, in stopping his car with one wheel on the pavement about a foot, under the circumstances shown, was guilty of contributory negligence. The question was one to be submitted to the jury under proper instruction: *Dare v. Boss,* 111 Or. 190 (224 P. 646); *Agee v. Chapin,* 128 Or. 526 (274 P. 1097); *Martin v. Oregon Stages, Inc.,* 129 Or. 435 (277 P. 291). The accident happened within the city limits of Oregon City and the testimony tended to show that it was within a residence district.

As noted, we are not unmindful of the fact that the testimony, on the part of defendant Alldredge, presents a different picture from that on the part of plaintiff. We are not permitted to deal with this conflicting testimony or estimate the value thereof. The cause was fairly submitted to the jury by instructions of which there is no complaint. The jury's verdict indicates that they believed that defendant Roberts would have seen Hornshuh's car had it not been for the bright lights of defendant Alldredge's car, and would have avoided the Hornshuh car and the accident had it not been for the bright lights that blinded the driver of the Roberts car, and the further fact that the defendant Alldredge failed to dim his lights, as required by law.

■ The question of contributory negligence as a defense is for the jury, except where the facts are admitted and only one inference can be drawn from them upon the disputed question of fact in the case: *Nickolopolus v. Frank,* 129 Or. 118 (276 P. 695). The verdict of the jury was supported by plain substantial evidence. There was no error in denying the motion for nonsuit or the motion for directed verdict.

Therefore, the judgment of the circuit court is affirmed.

CAMPBELL, C. J., and BAILEY and RAND, JJ., concur.