Argued September 7; reversed and remanded September 27;
costs retaxed October 18, 1949

# MORRIS *v.* FITZWATER

## 210 P. 2d 104

*Wesley A. Franklin,* of Portland, argued the cause for appellant. On the brief were Lord, Anderson & Franklin, of Portland.

*Lou A. Recken,* of Portland, argued the cause for respondent. On the brief were Senn, Recken & Recken, of Portland, and Weatherford & Thompson, of Albany.

Before BRAND, Acting Chief Justice, and BAILEY, HAY and PAGE, Justices.

HAY, J.

At about ten o'clock in the evening of April 7, 1945, plaintiff, accompanied by her husband, was driving her automobile on the Albany-Lebanon highway, when suddenly, and without warning, the lights upon the automobile became extinguished. The night was dark and the weather was stormy. Plaintiff steered her car to the right side of the highway and brought it to a stop with the left rear wheel resting upon the paved portion of the highway and approximately 18 inches from the outer edge thereof. The paved portion was 22 feet wide. The right wheels of the car rested upon the shoulder of the highway, and testimony in plaintiff's behalf indicated that they were approximately six inches from the edge of the adjacent ditch or borrow-pit, although upon this point there was conflicting testimony. Plaintiff remained in the driver's seat and her husband got out of the car to investigate the reason for the lights having failed. While he was so engaged, a car driven by the defendant, and traveling in the same

direction as plaintiff's car had been, collided with plaintiff's car from the rear. As a result of such collision, plaintiff suffered serious physical injuries.

Plaintiff brought this action against defendant, seeking to recover compensation for her injuries, and, in her complaint, charged him with negligent operation of his car in the following particulars: (1) in driving at a high and dangerous rate of speed, in view of the weather conditions, the state of traffic upon the highway, and the prevailing darkness; (2) in failing to have his car under control, so as to be able to stop it in time to avoid the collision; (3) in failing to observe plaintiff's automobile; and (4) in failing to reduce the speed of his car, or to apply the brakes thereto and stop so as to avoid the collision.

The defendant, by his answer, alleged that the collision was brought about by plaintiff's contributory negligence in the following particulars: (1) in parking her car upon the paved and traveled portion of the highway, contrary to the statute; (2) in failing to park her car off the traveled portion of the highway, although having had an opportunity to do so; (3) in remaining in a place of danger in her car when she had ample opportunity to remove herself to a place of safety before the collision occurred; and (4) in parking her car upon the highway without lights.

Trial by jury resulted in verdict and judgment for defendant, and plaintiff has appealed, assigning as error the giving and refusing of certain instructions to the jury.

It is contended that the court erred in refusing to withdraw from the jury the specification of contributory negligence which charged plaintiff with having

parked her car upon the paved and traveled portion of the highway contrary to the statute. The applicable portions of the statute read as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 16 feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway.

"* * * *

"(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position, * * *"

Section 115-353, O. C. L. A.

■ In construing the statute, this court has held that an automobile is disabled within the meaning of the statute when it cannot safely be moved under its own power. *Dare v. Boss,* 111 Or. 190, 197, 224 P. 646; *Hornshuh v. Alldredge,* 149 Or. 419, 424, 41 P. 2d 423; *Martin v. Oregon Stages, Inc.,* 129 Or. 435, 441, 277 P. 291.

Plaintiff contends that her car was not "parked" within the meaning of the statute, because (1) it was

disabled, (2) it was parked so as to leave a clear and unobstructed width of more than 16 feet upon the main traveled portion of the highway, (3) a clear view of the parked car could be obtained from a distance of 200 feet in each direction, and (4) although it was still possible to move the car under its own power, it was impracticable and unsafe to do so under the existing circumstances.

■ There was, however, a conflict of testimony as to whether or not plaintiff's car could have been parked entirely off the main traveled portion of the highway, which, if such parking is practicable, the statute requires to be done. Such conflict made the question of whether or not the car was parked contrary to the statute one for the jury, and the court did not err in refusing to withdraw it.

■ The court refused to withdraw from the jury the specification of contributory negligence which alleged that, although plaintiff had an opportunity to park her car off the traveled portion of the highway, she failed to do so. This is assigned as error. This specification was merely an elaboration of the specification that plaintiff was negligent in parking on the paved and traveled portion of the highway. While perhaps it was to some extent repetitious of the instruction already commented upon, we do not consider that it was sufficiently so to constitute reversible error.

■■ Plaintiff sought to have the court withdraw the specification of contributory negligence which accused her of negligently remaining in her car, which was parked upon the highway without lights, when, before the collision occurred, she could have removed herself to a place of safety. In this connection, she reiterates the argument that her car was not parked unlawfully

within the meaning of the statute. This would appear to be irrelevant to the question. "The law imposes upon a person sui juris the obligation to use ordinary care for his own protection, the degree of which is commensurate with the danger to be avoided." *Carroll v. Grande Ronde Elec. Co.*, 47 Or. 424, 438, 442, 84 P. 389, 6 L. R. A. N. S., 290. According to plaintiff's own admission, she remained in the car, after it was stopped and before the collision, for a period which she estimated at from three to five minutes. Whether or not such conduct on her part, under the circumstances, was that of a person of ordinary prudence, was, in our opinion, properly submitted to the jury.

The court refused, on plaintiff's request, to give the following instruction:

"The defendant has charged the plaintiff with negligence in that (a) She parked said car upon the paved and traveled portion of said highway contrary to the statute in said cases made and provided; and (b) That though the plaintiff had an opportunity to park said car off the traveled portion of said highway, she neglected and failed to do so, but parked the same upon said highway.

"In that connection I instruct you that the Oregon law provides as follows:

" 'No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 16 feet upon the main traveled portion of said highway opposite such standing vehicle shall

be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway.'

"So that if you believe from the evidence introduced in this case that the plaintiff's vehicle was parked in such a manner as to leave an unobstructed width of not less than 16 feet of highway, and that there was a clear view of said vehicle for a distance of 200 feet in each direction, then plaintiff would not be negligent upon either of the aforementioned allegations of negligence."

■ It is contended by the plaintiff that her request made it mandatory upon the trial court to instruct the jury in the exact language of the statute in question. It is the general rule that, where the law governing a case is expressed in a statute, the court not only may, but should, use the language of the statute in instructing the jury. 53 Am. Jur., Trial, section 542. In Oregon, however, this court has ruled, by implication at least, that the exact statutory language need not be used in instructing the jury, if the court, in lieu thereof, substitutes language of its own choosing equivalent to the terms of the statute. *Hoag v. Washington-Oregon Corp.*, 75 Or. 588, 597, 605, 144 P. 574, 147 P. 756. But neither course was followed by the trial court in this instance. However, the court's refusal to give the requested instruction was not reversible error, as the last paragraph thereof was substantially inaccurate, in that it omitted the factor of the practicability of parking the vehicle off the paved or improved or main traveled portion of the highway. *Sorenson v. Kribs,* 82 Or. 130, 145, 161 P. 405.

■ Error is predicated upon the refusal to charge that parking a vehicle upon a highway at night, without lights, was not negligent, provided a width of not less

than 16 feet of the main traveled portion of the highway was left unobstructed. This was not error. The requested instruction omitted the statutory requirements of unobstructed view for 200 feet of the highway in each direction from the parked car, and of impracticability to park off the main traveled portion of the highway, in order to make such parking not unlawful. The requested instruction was, therefore, inaccurate, and was properly refused. *Sorenson v. Kribs,* supra.

■ After reading to the jury that portion of the basic rule which prohibits the driving of an automobile at a speed greater than will permit the driver to exercise proper control of the vehicle, etc., (section 115-320 (a), O. C. L. A., as amended by chapter 458, Or. L., 1941) the court charged:

> "This portion of the basic rule does not mean that the driver of an automobile upon the highway is an insurer that he will not collide with an automobile that is stopped upon the highway. This section of the law requires only that the driver of a car * * * must use reasonable care to have his car under reasonable control. * * *"

Exception was taken to the use of the term "insurer" in this connection, on the ground that it was inapplicable to the case. While perhaps inappropriate, we do not believe that the use of the term misled the jury.

The court instructed:

> "* * * The defendant in this case was not bound to anticipate that the plaintiff's car would be disabled or that it would be left upon the highway in part and if he kept a look out and did not see and could not see this car in time to avoid the collision under the emergency that existed, the defendant would not be liable in this case. The defendant

would not be liable under this specification of negligence unless the defendant failed to use reasonable care in keeping and having his car under control and that reasonable care must be measured by the ordinary use of the road and not by a sudden and unexpected emergency which the defendant was not bound to anticipate.''

■ Exception was taken on the ground that the instruction assumed the existence of an emergency, and thus invaded the province of the jury. We regard this exception as having been well taken. The existence of an emergency, the evidence having been conflicting, was a question of fact for the jury. *Noble v. Sears*, 122 Or. 162, 169, 257 P. 809.

Another given instruction read as follows:

''Plaintiff concedes in this case that the lights of the automobile which she was driving suddenly went out and it was raining and dark. This constituted and was, ladies and gentlemen of the jury, an emergency which left upon the highway, at least a portion of the plaintiff's car, without any lights thereon to warn the defendant who was driving a car that was approaching the place where plaintiff's car was stopped. The stopping of this unlighted car created a second emergency which confronted the defendant driving along the highway. If it appears that the defendant did not know of the existence of this emergency and did not see the emergency or learn of its existence or could not, in the exercise of reasonable care, under the darkness and rainy conditions, have seen the unlighted car, a portion of which was on the highway, within time to avoid colliding with it, then the defendant is to be judged, not by ordinary conditions and conduct under ordinary conditions, but by the conduct of a person under emergency conditions and he cannot be held responsible in such circumstances for an error in judgment, if any, even though he did the wrong thing

in trying to avoid the collision or failed to do the right thing. He cannot under such circumstances be held responsible for an error in judgment, if any and he would not be negligent if he did not do what he might have done had his judgment not been disturbed by the sudden emergency. In other words, the defendant in this case was not responsible for the emergency which put the unlighted car upon the highway and he was not responsible for the emergency which left the unlighted car upon the highway, or a part of it on the highway, and if he did not see the car in time to avoid a collision and could not, in the exercise of reasonable care under the conditions present, have seen the car in time under the emergency conditions to have avoided the collision, he would not be guilty of negligence in this case. It is immaterial so far as this phase of the case is concerned how the lights went out on plaintiff's car; the fact is they did go out and an emergency was created. That they may have gone out without the fault of plaintiff is immaterial. When they did go out an emergency was presented to the plaintiff herself and her unlighted car, a portion of which was on the highway, created an emergency that endangered the defendant. Neither of these emergencies were caused in any way by the defendant and he, therefore, is in no way responsible for the emergencies and his conduct must be governed upon the basis that these two emergencies had existed and his conduct must be measured after he saw or had reasonable opportunity to see the emergency conditions before he was called upon to act and if there was not time for him after his knowledge to avoid a collision, he would not be responsible for the collision and your verdict should be for the defendant.''

This was excepted to as follows: (a) the entire instruction amounted to a comment on the evidence; (b) the court's statement that the stopping of plaintiff's car created a ''second emergency'' was an invasion of

the province of the jury; (c) that portion of the instruction which stated, in effect, that if there was no time for defendant, after his knowledge of the emergency situation, to avoid a collision, he would not be responsible for the collision, was contrary to law.

As to (a), it must be conceded that the instruction throughout appeared to assume that defendant was confronted with an emergency. The evidence in this regard was conflicting, and the question was for the jury. *Noble v. Sears, supra.* Exception (b) was also well taken, and for the same reason. Moreover, the instruction informed the jury that the assumed emergency was not brought about by the defendant, and that he was not responsible therefor. On these matters also the evidence was conflicting upon the question of whether or not, assuming the existence of an emergency, the defendant's own negligence had led him into it. 38 Am. Jur., Negligence, sec. 194, text and note 14. Exception (c), in our opinion, was not well taken. While the instruction in that regard is not so clear as it might be, we think that it was sufficiently accurate, and, in any event, that it did not mislead the jury.

In view of the necessity for a new trial, we deem it proper to state, although no exception was taken in that regard, that the instruction last above set forth was argumentative in tenor, and, hence, objectionable.

The giving of the following instruction is complained of:

"It appears in this case that the motive power of plaintiff's vehicle was in no wise affected. The car could have been moved and it further appears that time had elapsed from the stopping of the car for the plaintiff and her husband to have determined whether the car was off the highway and whether or not there was room to her right off the highway to

remove the car entirely from the highway. If there was room for plaintiff to remove the car from the highway and time existed for such purpose, then it was the duty of the plaintiff to move the car entirely off the paved portion of the highway and if she failed to do this under such circumstances, she would be guilty of negligence and cannot recover in this case if this negligence, if there was such negligence, contributed to or caused the collision. It was a duty of the plaintiff under the emergency which had come upon her to use reasonable effort to remove her car from the paved portion of the highway and if she could have done this and the time was present for her to do this and she failed to do it, that would be negligence on her part and she cannot recover in this case."

The exception taken was that the instruction did not state the law applicable to the situation and, in effect, told the jury that plaintiff could not recover unless she had removed her vehicle entirely from the highway. While the instruction was erroneous in other respects, we do not consider that it was subject to the particular exception which was taken.

It is claimed that the court erred in charging as follows:

"If the plaintiff could not remove her car from the pavement in toto and left the car partially upon the pavement and it appeared to the plaintiff because of the darkness, rain, and traffic that the car might be struck by an oncoming car behind it, then it was the duty of the plaintiff if time afforded to alight from the car and thus protect her own safety and if these conditions existed and she had time to remove herself from the car and did not do so but remained in the car and her thus remaining caused or contributed to her injuries, then she cannot recover in this case."

█ Plaintiff took exception to the giving of this instruction, on the ground that it conflicted with another instruction which the court gave, which latter applied to plaintiff's conduct in remaining in her car the "prudent person" test. The exception was well taken. The questioned instruction was an invitation to the jury to disregard the law's standard of due care. *Flatman v. Lulay Brothers Lumber Co.*, 175 Or. 495, 504, 154 P. 2d 535.

Exceptions were taken to other portions of the court's charge than those mentioned above, but none of them were, in our opinion, of sufficient merit to require discussion herein.

The judgment will be reversed, and the cause remanded for a new trial.