Argued July 14, affirmed September 7, 1967

PADEL, *Appellant, v.* NARITS, *Respondent.*

430 P. 2d 1002

*Ernest W. Kissling,* Portland, argued the cause

for appellant. With him on the brief were Rask, Hefferin & Bowerman.

*Frederic P. Roehr,* Portland, argued the cause for respondent. On the brief were Vergeer, Samuels, Cavanaugh & Roehr.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

LUSK, J.

Plaintiff has appealed from a judgment for defendant based on a jury verdict in a personal injury action growing out of a collision between automobiles in a street intersection in Portland.

The accident occurred in the intersection of East Burnside Street (hereinafter Burnside) and Southeast 32d Avenue (hereinafter 32d) in the City of Portland. Burnside at the time of the accident was a four-lane highway west of 32d. To the east of 32d it had but two lanes. Traffic at the intersection was controlled by a traffic light. Plaintiff was riding in a car driven by her friend John Konies east on Burnside. As he neared 32d he was in the outer of the two eastbound lanes of traffic. As he entered the intersection on a green light he passed three cars in the inside lane which had been waiting for the light to change and the lead car of which made a left-hand turn into 32d. At about the same time the defendant, who was driving west on Burnside and had stopped at 32d because of the red light, made a left-hand turn when the light changed to green to proceed south on 32d, but was struck by the Konies car before he could pass through the intersection.

Plaintiff's brief contains two assignments of error directed to the following instruction:

"The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any intersection of highways unless such movement can be made in safety."

Counsel for plaintiff took the following exception to this instruction:

"The plaintiff would except to the giving of the instruction on passing at intersections."

In support of this exception counsel for plaintiff urge two grounds: first, that ORS 483.308, which prohibits a driver of a motor vehicle from overtaking and passing any other motor vehicle proceeding in the same direction at any intersection of highways unless such movement can be made in safety, is not applicable to multiple lane highways; and second, that the instruction authorized the jury to impute to plaintiff the negligence of the driver of the car in which she was riding and contradicted other instructions in which the court gave the jury the correct rule on this subject.

■■ The exception taken by the plaintiff did not call the trial court's attention to either of these contentions and was too general to raise any question for consideration by this court. It is the established rule that a party in excepting to an instruction "must make known to the trial judge the specific objection which he wishes to present upon appeal": *Galer v. Weyerhaeuser Timber Co. et al,* 218 Or 152, 175, 344 P2d 544. See, also, *State v. Commedore,* 237 Or 348, 354, 391 P2d 605; *Hamilton v. Union Oil Company et al,* 216 Or 354, 367-368, 339 P2d 440; *State v. Kader,* 201 Or 300, 336, 270 P2d 160; *Wilson v. State Ind. Acc. Comm.,* 189 Or 114, 124, 219 P2d 138; *Lane v. Hatfield,* 173 Or 79, 87, 143 P2d 230.

Precisely in point is *State v. Commedore,* supra, a criminal case in which the court gave an instruction on voluntary intoxication to which the defendant excepted in this language: "Defendant excepts to the instruction on intoxication." We said:

> "That exception was too general to acquaint the court with why counsel thought the instruction was wrong and therefore it was insufficient. (Citing Oregon cases.) We would be justified in ignoring this contention of the defendant; but there is still another ground for holding that this contention reveals no merit."

Had counsel for the plaintiff, in taking his exception, stated as the ground thereof that the statute was not applicable to a multiple lane highway, he would not have been permitted here to contend that the instruction was bad because it authorized the jury to impute the negligence of the plaintiff's driver to the plaintiff; had he, on the other hand, stated the latter as the ground of the exception he would not have been permitted to urge the former in this court; yet, by his general exception, which states no specific ground, he claims the right to bring to this court two contentions, neither one of which was made to the trial judge. Under the settled rule, he is not entitled to have either considered by this court.

It should be added that nowhere in the record is any mention made of the statute governing passing at intersections or its construction until the court gave the instruction in question, and there is no room, therefore, for an argument that, although the exception itself was not specific, the judge must have known what was in the mind of counsel for the plaintiff when he stated it.

■ The only other assignment of error is addressed to the denial of plaintiff's motion for a new trial based

on the giving of the instruction above discussed. The ruling is not a proper subject of an assignment of error.

The judgment is affirmed.