Argued February 6, affirmed April 10, 1975

HARKINS, *Appellant, v.* DOYLE, *Respondent.*

533 P2d 785

*Robert S. Gardner,* Corvallis, argued the cause for appellant. With him on the brief were S. David Eves, and Ringo, Walton & Eves, Corvallis.

*James C. Goode,* of Goode, Goode, Decker & Hinson, Albany, argued the cause and filed a brief for respondent.

BRYSON, J.

This is an action to recover damages sustained by plaintiff in an automobile accident. The jury returned a verdict for defendant. The plaintiff appeals and assigns as error the giving or refusing to give certain jury instructions.

The accident occurred at the intersection of N. W. Harrison and Second Streets in Corvallis, Oregon. N. W. Harrison Street is a one-way street which runs in a westerly direction; it travels over a bridge and gradually slopes downward where it intersects with

N. W. Second Street. Defendant was traveling west on Harrison Street. Plaintiff was a passenger in a car proceeding north on Second Street. Traffic at the intersection is controlled by electric traffic signals.

About 50 yards from the intersection of Second Street, as he was going down the slope on Harrison Street, the brakes on defendant's car failed and he went through the red light at Second Street and struck the car in which plaintiff was riding. Defendant testified:

"A.   *   *   *   There was no brakes and I pumped and pumped them and there was nothing.   *   *   *.

"*   *   *   *   *.

"Q.   And then once you applied your brakes you say your brakes went all the way to the floor?

"A.   Yes.

"Q.   And you moved to the right-hand lane?

"A.   Not right then, I was trying to get some brakes pumped up right then and there when I knew I had no brakes I looked ahead of me and all I saw was tail lights so I whipped it right over [to the right traffic lane] and kept trying the brakes.

"*   *   *   *   *.

"A.   I was trying the brakes. I was trying to slow down because there were cars in front of me and when I put on the brakes I knew I had no brakes and I just hit the panic button.

"*   *   *   *   *.

"Q.   Did you attempt to turn north on Second Street?

"A.   It was impossible. That's a 80 degree corner."

The car belonged to defendant's brother. On the day of the accident he had driven to work early in

the morning. From there he and two companions had driven to Albany, and the accident occurred on their return to Corvallis. Defendant had experienced no difficulty in using the brakes prior to the accident. The two passengers with defendant both testified to the same effect.

Plaintiff first assigns as error the court's giving Oregon Uniform Jury Instruction 10.10 on emergency. Plaintiff relies on *Jones v. Mitchell Bros.*, 266 Or 513, 511 P2d 347 (1973), and *Morris v. Fitzwater*, 187 Or 191, 210 P2d 104 (1949). In *Morris* the court instructed the jury that plaintiff's action did constitute an emergency and failed to leave that question for the jury's determination. Whether there is an emergency under all of the evidence is a question of fact for the jury. *Noble v. Sears*, 122 Or 162, 169, 257 P 809 (1927). In *Jones v. Mitchell Bros., supra*, we relied on *Ballard v. Rickabaugh Orchards, Inc.*, 259 Or 200, 485 P2d 1080 (1971); *Rankin v. White*, 258 Or 252, 256, 482 P2d 530 (1971); and *Evans v. General Telephone*, 257 Or 460, 466-67, 479 P2d 747 (1971), and stated:

> "* * * Our recent cases hold that this instruction is to be avoided, and that rarely, if ever, will a failure to give the instruction constitute reversible error. * * *." 266 Or at 526.

In the present case, the evidence of defendant's action, not occasioned by his own negligence and requiring quick judgment as to which course to follow, justified the court in giving the instruction on emergency. Although the giving of emergency instruction should be avoided, we cannot say that it was error to give the instruction under the facts of this case.

The plaintiff next contends that the court erred "in giving defendant's requested instruction No. 2." Plaintiff's brief fails to comply with Rule 6.18 of this

court and Appendix D, setting forth the illustration which requires that the instruction objected to must be set out verbatim together with the exception thereto. We assume that the objection is to defendant's following requested instruction:

"I instruct you that there is evidence in this case that Defendant drove his vehicle through a yellow or red light at the intersection of Second and Harrison Streets in Corvallis, Oregon, because the brakes on his vehicle failed. Under these circumstances, the negligence of the Defendant, if any, would depend on whether you find that he knew or should have known that the brakes on the said vehicle were in a faulty condition prior to the incident in question. In other words, Defendant would be negligent only if he failed to act as a reasonably prudent person under the same or similar circumstances."

The trial court did not give defendant's instruction No. 2 as requested. The court did instruct the jury on each of the allegations of negligence contained in plaintiff's complaint: speed, lookout, control, traffic control signals and that vehicles facing the red signal shall stop, and that motor vehicles operated on a highway must be equipped with brakes adequate to control the movement of and to stop the vehicle. The court also instructed the jury that violation of a statute was negligence in and of itself unless the defendant proved by the evidence "that he was acting as a reasonably prudent person under the circumstances." The court further instructed the jury:

"There has been testimony in this case that Defendant drove his vehicle through a red light at the intersection of Second and Harrison Streets in Corvallis, Oregon, because the brakes of his vehicle failed. The negligence of the Defendant, if any, under specifications 4 [operated vehicle with inadequate brakes] and 5 [failure to stop at red traffic signal], would depend on whether you find

that he knew or should have known that the brakes on the said vehicle were in a faulty condition prior to the incident in question. In other words, Defendant would be negligent only if he failed to act as a reasonably prudent person under the same or similar circumstances."

We assume that it was to this last instruction that plaintiff stated:

"Secondly, I would except to the giving of the instruction — Defendant's requested instruction number two. It's similarly couched in terms of an emergency situation type instruction and apart from the fact it gives the defendant two opportunities to declare or reiterate or emphasize to the jury the emergency type situation. I don't feel, in any way, that instruction is couched in the terms of the cases which talk in terms of statutory violations as being negligence, per se and the ability to avoid the negligence per se aspect."

We find no similarity between the above instruction and the emergency instruction given. The court should strive to not unduly emphasize a portion of either party's requested instructions, but emphasis by repetition does not constitute reversible error. *Laurie v. The Patton Home,* 267 Or 221, 225, 516 P2d 76 (1973). The last sentence of the instruction given is taken almost verbatim from *Freund v. DeBuse,* 264 Or 447, 506 P2d 491 (1973) (brake failure case).

The vehicle was a 1963 Chevrolet owned by defendant's brother. Prior to the accident, defendant had driven the car to work and then from Corvallis to Albany and return. During this period the brakes operated properly, both to control and stop the car. Therefore, we find no error in this portion of the instruction given.

■ Plaintiff's brief also argues before this court further matters regarding this instruction which were

not brought to the attention of the trial court. The party excepting to an instruction must make known to the trial judge the specific objection which he wishes to present on appeal in order to raise a question for review by this court. *Padel v. Narits,* 247 Or 566, 568, 430 P2d 1002 (1967). Without approving or disapproving the court's instruction, we decline to consider whether the instruction as a whole was an inaccurate statement of the law.

The plaintiff's final assignment of error is the court's failure to give plaintiff's requested instruction relating to the impairment of plaintiff's earning capacity, Oregon Uniform Jury Instruction 30.02(2). In light of the jury's verdict in favor of defendant, it is not necessary to discuss this assignment relating to plaintiff's damages.

Affirmed.