BOWDEN,
*Respondent,*
*v.*
TEXAS PACIFIC LUMBER COMPANY,
*Appellant.*

(No. 77 2403 L 1, CA 12972)

601 P2d 841

Patrick Ford, Medford, argued the cause for appellant. With him on the brief was Ford & Cowling, Medford.

Randolph Slocum, Roseburg, argued the cause for respondent. With him on the brief was Slocum & Hill, Roseburg.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an action seeking damages for personal injuries suffered in a motor vehicle accident. The matter was tried before a jury. The jury instructions included the following emergency instruction, to which plaintiff took exception:

"I instruct you that a person who is suddenly placed in a position of peril, through no negligence of his own, and compelled to act without opportunity for reflection, is not guilty of negligence if he makes such a choice as a reasonably prudent and careful person placed in such a position might make, even though he does not make the wisest choice."

The jury returned a verdict for defendant. Plaintiff moved for a new trial alleging that under the facts it was error for the jury to be instructed on the emergency doctrine. The trial court agreed and granted the motion. ORS 17.610. Defendant appeals.

Plaintiff was injured when defendant's truck struck the rear of the vehicle in which she was a passenger. Both vehicles were travelling northbound on Intertate Highway No. 5 in a mountainous area of Southern Oregon. The impact occurred part way down a long incline of the freeway. The area was under construction and northbound traffic was channeled into one lane. Approximately 100 to 200 feet prior to the summit before the incline there was a sign informing motorists of the upcoming construction and warning truck drivers to use low gear. At the summit there was an area for truckers to check their brakes. After the initial warning sign there was a series of five large signs, spaced at 400 foot intervals, warning motorists of the construction and lane closures and designating a speed of 45 miles per hour. There were also construction cones and a flagman in the area to channel northbound traffic into one lane. The construction inspector testified that he placed the warning signs further in advance of the construction site than was normal because he was aware truckers usually tried to make time going downhill. Traffic in the area of the con-

struction was moving at approximately 15 miles per hour.

Approximately one-half mile uphill from the scene of the accident the construction inspector and a construction worker observed defendant's truck proceed past them at an estimated speed of 80 to 90 miles per hour. They heard no engine sound, no horn nor any indication the brakes were being applied. They testified that the driver had both hands on the steering wheel and was doing an excellent job of driving down the grade.

At the time of impact plaintiff's vehicle was travelling at approximately 15 miles per hour. One lane of traffic was blocked by construction equipment. The truck collided with the rear of plaintiff's vehicle and then continued off the surface of the highway and rolled over. The driver was killed.

The truck was equipped with three independent braking systems: "Jake brake," "maxi brake" and air brakes. The "Jake brake" is an engine brake which does not operate if the engine is not running. The "maxi brake" works independently of the engine and engages rapidly when the pressure in the air brake tank drops below a safe level. The truck was equipped with a reserve air tank for the air brake system. The brake systems were examined following the accident and all were in operable condition. The tanks for the air brake system were all at full pressure.

The issue is whether the court was correct in concluding that, under the facts as presented, it was error to give the instruction on emergency. In the order granting a new trial the court stated: "There was no evidence indicating that the truck driver was placed in a position of peril through no negligence of his own."

As a condition for the application of the emergency doctrine the party claiming its benefits must have been free from negligence. A party cannot invoke the

doctrine if the emergency is created by his own negligence. *Tuite v. Union Pacific Stages et al*, 204 Or 565, 284 P2d 333 (1955); *Prauss v. Adamski*, 195 Or 1, 244 P2d 598 (1952); *Frangos v. Edmunds*, 179 Or 577, 173 P2d 596 (1946).

We agree with the trial court that there was not sufficient evidence to justify the emergency instruction. There was no evidence from which the jury could reasonably infer that the situation which confronted defendant's driver was other than of his own making. There were signs a considerable distance from the construction site warning drivers of the construction and specifically advising truckers to use a low gear. There was no explanation offered by defendant as to why its driver was not using a low gear, had not applied his brakes and had disregarded the warning signs. Any "emergency" was precipitated by the truck's excessive speed and the failure of the driver to apply the brakes. The jury would be required to speculate in order to determine that the driver was not negligent in the situation that confronted him.

The trial court did not err in setting aside the verdict and granting a new trial.

Affirmed.