Argued January 6, affirmed February 9, 1966

# DURNFORD *v.* WORDEN

410 P. 2d 1020

Frederic P. Roehr, Portland, argued the cause for appellant. With him on the brief were Vergeer & Samuels, Portland.

C. X. Bollenback, Portland, argued the cause for respondent. With him on the brief was Carl Francis, Dayton.

Before McAllister, Chief Justice, and Perry, Denecke, Holman, and Schwab, Justices.

HOLMAN, J.

Plaintiff brought an action for personal injuries arising out of an automobile accident between vehicles driven by plaintiff and defendant. Upon trial the jury returned a verdict for defendant. Plaintiff filed a motion for a new trial which was granted by the trial court. Defendant has appealed from the order granting a new trial.

The two vehicles were traveling in opposite directions on a graveled county road. They met on a sharp, steep, blind curve. It was an inside right-hand downhill curve for plaintiff and an outside, left-hand, uphill curve for defendant. There were three tire tracks worn in the gravel. Two of the tracks were on the inside of the curve and on plaintiff's side of the road. At the time the operators of the vehicles sighted each other each was traveling with their left-hand wheels in the center track. At that time they were from thirty to fifty feet apart. Plaintiff was traveling about twenty miles per hour and defendant about twenty-five.

Defendant testified that upon sighting plaintiff's vehicle he pulled his vehicle to the right to where he was straddling the track on the outside of the curve. He further testified that plaintiff applied his brakes, skidded over to defendant's side of the road, and collided with his vehicle. Plaintiff denied applying his brakes or ever being on defendant's side of the road.

■ Plaintiff requested an instruction on sudden emergency which was refused. The instruction was as follows:

"If you find from the evidence that either of the parties to this case was suddenly placed in a position of peril, through no negligence of his own, and he was compelled to act without any opportunity for reflection, then if he took such action as a reasonable prudent and careful person placed in the same position might take, he would not be guilty of negligence even though he did not take the wisest action and even though such action as he did take, if it meets the above test, caused the vehicle operated by him to go onto his left hand side of the road."

The failure to give this instruction was one of the bases for plaintiff's motion for a new trial. An order granting a new trial will be reversed only where it cannot be sustained upon any ground assigned in the motion. *Goggan v. Consol. Millinery Co.*, 242 Or 328, 331, 409 P2d 174 (1965).

■ The court did not err in allowing the motion for a new trial. The giving of the instruction would have been proper. The trial court believed his failure to give it was prejudicial. The defendant's testimony that when he first sighted plaintiff he pulled from plaintiff's side of the road to his own and that plaintiff applied his brakes and skidded onto defendant's side

of the road was sufficient to justify the giving of an emergency instruction. From this testimony the jury could have found that plaintiff was presented with a sudden emergency of defendant's making when plaintiff came around the curve and found defendant facing him on plaintiff's side of the road.

■ Defendant claims an instruction on emergency was not proper because plaintiff did not show he had alternative choices of action. *Frangos v. Edmunds,* 179 Or 577, 608 173 P2d 596 (1946). However, plaintiff did have an alternative. He could have refrained from applying his brakes in the hope that defendant would have time to get back on his own side of the road or he could have applied his brakes in an attempt to give defendant more time to complete the maneuver. He instantly had to make up his mind as to which course of conduct offered the best chance of escaping a collision. In doing the latter he took the risk of sliding in the gravel toward the outside of the curve and onto defendant's side of the road.

The jury was instructed that each party was required to drive on his own side of the road. If the jury accepted defendant's testimony as to plaintiff's presence on defendant's side of the road, it should have been allowed to decide whether he was caused to skid there because of the sudden application of his brakes in the gravel and, under proper emergency instructions, whether he was in fact negligent because of it.

The factual situation in this case is comparable to that in *Fenton v. Aleshire,* 238 Or 24, 393 P2d 217 (1964), where a little girl ran into the street in front of an oncoming vehicle. Mr. Justice Lusk there held that the giving of an emergency instruction was proper. The operator was presented with a choice of conduct under an emergency situation, the choice being whether

to turn to the left or the right in an attempt to avoid hitting the girl. An inadvertent misstatement concerning the holding in *Aleshire* was made in *Hills v. McGillvrey,* 240 Or 476, 402 P2d 722 (1965). In *McGillvrey* the statement was made that *Aleshire* held that both an unavoidable accident and an emergency instruction were never proper. *Aleshire* does not hold the giving of an emergency instruction is improper.

 ■■ The defendant contends that the instruction was inapplicable because plaintiff denied having made any conscious choice, putting on his brakes, or being on the wrong side of the road. Nevertheless, the jury could have inferred from defendant's testimony that such was the case. Plaintiff was entitled to instructions covering all theories of the case supported by competent evidence. *Bailey v. Opp,* 159 Or 301, 322, 77 P2d 826, 80 P2d 40 (1938); *Anderson v. Wallowa Nat'l Bank,* 100 Or 679, 700, 198 P 560 (1921). Defendant cannot claim that it was not within the issues because plaintiff's complaint alleged the accident was the result of defendant's operation of his vehicle on the wrong side of the road.

The granting by the trial court of plaintiff's motion for a new trial is affirmed.