Argued December 2, 1970, affirmed January 27, 1971

EVANS, *Respondent, v.* GENERAL TELEPHONE
COMPANY OF THE NORTHWEST, INC. ET AL,
*Appellants.*
479 P2d 747

*Stewart M. Whipple*, Portland, argued the cause for appellant General Telephone Company. On the brief were Seitz, Whipple, Bemis & Breathouwer, Portland.

*John Foss*, Coos Bay, argued the cause for appellant Walter Cram. With him on the briefs were McKeown, Newhouse & Johansen, Coos Bay.

*Maurice V. Engelgau*, Coquille, argued the cause and submitted the brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN and HOWELL, Justices.

HOWELL, J.

This is an action for personal injuries. A jury returned a verdict for the plaintiff against both defendants, and the defendants appeal from the judgment.

The defendant General Telephone Company assigns as error the refusal of the trial court to grant a motion for a judgment of involuntary nonsuit and a motion for a directed verdict.

At the time of the accident, plaintiff was seated in a parked automobile on the street in Langlois, a small community in southwestern Oregon. Highway 101, a two-lane highway, runs generally north and south through the town. An employee of the defendant telephone company was driving his pickup truck in a northerly direction on the highway and had slowed down in order to make a left-hand turn into a driveway.

An employee of the defendant Walter Cram, driving a loaded log truck, was also proceeding north on the highway following the telephone pickup. The driver observed the telephone pickup slowing down and attempted to pass. The telephone truck started to turn left; the two trucks collided, locked together, and skidded into the parked automobile where plaintiff was seated.

The plaintiff alleged that the driver of the General Telephone truck was negligent in attempting to turn his vehicle from a straight line of travel without first seeing that the movement could be made in safety, and in failing to keep a proper lookout for the Cram log truck.

The evidence disclosed that the driver of the telephone truck observed the Cram log truck approxi-

mately 400 feet behind him when he started to decelerate preparatory to making the left turn. He drove another 200 feet, looked back, and the log truck had closed to approximately 200 feet behind him. At this time, the place of the turn was approximately 150-200 feet ahead of the telephone truck driver.

The telephone truck driver testified that he turned on his left turn signal. However, he did not look back again. The log truck driver, who conceded that he was traveling 45 miles per hour in a 40 m.p.h. zone, did not see the turn signal. The telephone truck driver did not notice the log truck again until it struck his vehicle just as he began his left turn.

■ The failure of the telephone truck driver to look back again before making his left turn, when he knew that the log truck was approaching rapidly behind him, clearly presented a question for the jury as to whether the defendant telephone truck driver kept a proper lookout and made the left turn without first ascertaining that the movement could be made in safety.

The trial court properly overruled the motion for a nonsuit and a directed verdict.

■ The defendant telephone company also assigns as error the refusal of the trial court to give the following requested instruction:

"The law does not attempt to determine any arbitrary or fixed distance at which one driver should follow another under all circumstances. It provides that a driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent having due regard for the speed of such vehicles and the traffic upon and condition of the highway."

The collision was not caused by the log truck driver following too closely—the accident occurred when the log truck driver attempted to pass the telephone truck. The log truck driver testified as follows:

"Well, I just continued on up—down the road and it looked to me like he was pulling over and stopping on the right-hand side of the road, and not off the pavement, but next to it, and then when I got closer I just pulled over into the south bound lane like I was going to pass him, and continued up the road."

The trial court properly refused the instruction.

■ The defendant telephone company also assigns as error the giving of an instruction that the driver of a motor vehicle has a continuing duty to keep a reasonable lookout for other vehicles on the highway.

The defendant stated its exception as follows:

"The Telephone company likewise excepts to the Court's instructing the jury to the effect that parties are charged with the duty to keep a reasonable lookout for others using the highway, and the point of exception being that the Court failed to put in the words, 'lawfully using the highway,' for the reason that the party using the highway is not bound to anticipate negligence on the part of others using the highway."

If we understand the defendant's exception correctly, the defendant was asking the court to instruct the jury that a driver must keep a reasonable lookout only for persons lawfully using the highway and not for persons negligently using the highway. Such an instruction that a person is not required to keep a lookout for other persons who violate the law was held to be prejudicial error in *Johnson v. Updegrave*, 186 Or 196, 206 P2d 91 (1949).

The present rule regarding lookout was stated by Justice Tooze in *Senger v. Vancouver-Portland Bus Co.*, 209 Or 37, 298 P2d 835, 304 P2d 448, 62 ALR2d 265 (1956), as follows:

"\* \* \* [A] motor vehicle operator, although he need not anticipate negligence on the part of any other person and may at all times assume until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary, that other persons using the highway will exercise due care and obey the law, and to act accordingly, yet he is not relieved of his continuing duty to maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances." 209 Or at 50.

This assignment of error is without merit.

The other assignments of error by the defendant telephone company are the same as the assignments of error urged by the defendant Cram and will be considered together.

■ Both defendants contend the court erred in failing to give instructions requested by each defendant to the effect that if the negligence of one of the defendants was the sole proximate cause of the accident, the jury should find in favor of the other defendant.

The defendants argue that during the trial each of them contended that the sole proximate cause of the accident was the negligence of the other defendant.

We do not believe that the failure to give the requested instructions constituted reversible error. The trial court advised the jury as to the specifications of negligence pertaining to each defendant; that each defendant denied the charges of negligence; that

the plaintiff must establish that "the defendants or one or both of them" were negligent in at least one of the specifications of negligence alleged. The court explained the type of verdict the jury could return and submitted forms of verdict which were in favor of the plaintiff and against each defendant individually, in addition to forms of verdict in favor of each defendant individually. The court also advised the jury that if they found in favor of plaintiff and against one defendant, and found that the other defendant was not negligent, they should return a verdict in favor of that defendant. The court also advised them of the verdict to be signed if the jury found both defendants to be negligent proximately causing plaintiff's injuries.

We believe that the jury was sufficiently apprised of their right to return a verdict in favor of each defendant in the event the negligence of the other was the sole proximate cause of the accident.

The other two assignments of error assigned by both defendants—that the court erred in using a double negative in one of the uniform instructions and that certain medical evidence should not have been admitted—are without merit.

Lastly, the defendant Cram contends that the court erred in refusing to give an instruction on sudden emergency.

■■ An instruction respecting sudden emergency is given only in those cases where it is applicable under the particular circumstances of the case. The trial court who presides over the case has discretion as to whether an emergency instruction is applicable to the situation. *Wills v. Petros*, 225 Or 122, 357 P2d 394 (1960). In the past we have been equivocal about when

an instruction on sudden emergency should be given. *Ainsworth v. Deutschman*, 251 Or 596, 446 P2d 187 (1968) [Citing cases.] In effect, we have held that it is not error to give it in certain cases, but it would be a rare situation, indeed, where it would be error to fail to give it because the usual instruction on negligence sufficiently covers what a reasonably prudent person would do under all circumstances, including those of sudden emergency. *Kiddle v. Schnitzer et al*, 167 Or 316, 114 P2d 109, 117 P2d 983 (1941).

The trial court did not err in failing to give an emergency instruction.

The judgment against both defendants is affirmed.