Argued February 3, affirmed March 17, 1971

RANKIN, *Appellant, v.* WHITE, *Respondent.*

482 P2d 530

*Earl Fewless*, Portland, argued the cause for appellant. With him on the brief were Mize, Kriesen, Fewless, Cheney & Kelly, and Franklin, Bennett, DesBrisay & Jolles and Bernard Jolles, Portland.

*Alonzo P. Stiner*, Portland, argued the cause for respondent. With him on the brief were Veatch, Lovett & Stiner, Portland.

TONGUE, J.

This is an action for personal injuries resulting from an automobile accident in which plaintiff's car was "rear-ended" by defendant's car shortly after the trailer hitch broke on defendant's car, which was towing a boat on a trailer. The jury returned a verdict for defendant. Plaintiff appeals from the judgment on that verdict.

At the conclusion of plaintiff's testimony, but before resting her opening case, plaintiff made a motion to amend her complaint to conform to the proof. The motion was to add specifications of negligence for failure to inspect the trailer hitch. There was evidence that the trailer hitch broke because of a defective weld.

The uncontradicted evidence was that "it was a good looking weld on the outside where they welded both sides but they didn't use enough heat to penetrate the weld all the way in and it finally broke loose," but that "from looking at the weld from the outside * * * you couldn't tell it wasn't penetrated all the way in."

■ Under the rule of *Ainsworth v. Deutschman,* 251 Or 596, 600, 446 P2d 187 (1968), and assuming that failure of the trailer hitch is to be considered as a violation of a statute requiring adequate safety equipment, evidence that the trailer hitch broke is not, of itself sufficient to establish negligence "if the defect could not have been discovered by the exercise of the highest degree of care." According to the evidence in this case, the defect could not have been discovered by the inspection of the exterior of the weld, and there was no evidence of any other method of discovering that the weld was defective. We hold, therefore, that this case comes within the rule of *Ainsworth.* It follows that the trial court did not err in denying that motion.[1]

Plaintiff complains that the denial of her motion to amend prevented her from offering such evi-

---

[1] Plaintiff cites Sherman v. Frank, 63 Cal App 2d 278, 146 P2d 704 (1944), in support of her position that defendant was guilty of negligence *per se* because the trailer hitch was defective. In Oregon, however, such a rule is subject to the qualification as stated in Ainsworth v. Deutschman, *supra.*

dence. Her motion, however, was to amend her pleading to conform to proof already in evidence and was made before plaintiff rested her opening case. Moreover, no offer of proof of any such evidence was then made by plaintiff.

Plaintiff made a second motion to amend her complaint to conform to the proof after both parties had rested their cases. That motion was to add a specification of negligence for failure to have a safety chain to prevent the tow bar from "dropping to the ground" in the event of failure of the tow bar or coupling device, as required by ORS 483.508 (5)(a). That motion also was denied by the trial judge on the grounds that he was "not convinced" that the statute applied to the towing of a boat trailer, but that, in any event, there was "no showing also that the dropping to the ground had anything to do with this accident * * * as a matter of causation" and that "Lastly, I don't think it is timely."

We agree with plaintiff's contention that a boat trailer is a "vehicle" within the meaning of ORS 483.508. (See ORS 483.030 (4) defining "vehicle.") We also agree with plaintiff's contention that the issue of proximate cause is ordinarily for the jury to decide. We hold, however, that it was not error to overrule plaintiff's motion, because the granting or denial of a motion to amend pleadings at the conclusion of all of the evidence is within the sound discretion of the trial court and we do not believe that such discretion was abused in this case. *Morrill v. Rountree*, 242 Or 320, 325, 408 P2d 932 (1966).

Plaintiff also contends that it was error, under the facts of this case, for the trial court to instruct the jury on "emergency." No exception was taken to that instruction at the conclusion of the instructions.

Cf *Ross v. Cuthbert*, 239 Or 429, 437, 397 P2d 529 (1965). Prior to instructing the jury, however, plaintiff's counsel objected to that instruction, but only on the ground that "I don't think it is applicable in this particular situation," and that he didn't "believe the facts justify it." Cf *Kinney v. General Construction Co.*, 248 Or 500, 503-5, 435 P2d 297 (1968).

On appeal, plaintiff contends that the instruction was improper on the ground that "the uncontradicted evidence showed that any emergency which may have existed was caused by defendant's own negligence in violating the motor vehicle equipment statutes," citing *Frangos v. Edmunds*, 179 Or 577, 607-8, 173 P2d 596 (1946). Upon examining the record, however, and for the same reasons already stated with reference to plaintiff's motions to amend by adding specifications of negligence for violation of the motor vehicle equipment statute, we cannot agree that the evidence of such violations was uncontradicted.

■ We agree with the observation by the trial judge that the emergency instruction is one that is sometimes "treacherous" and one not to be often given. Under the circumstances of this case, however, we hold that it was not error to give the instruction. As we recently stated, however, in *Evans v. General Telephone Company*, 257 Or 460, 479 P2d 747 (1971), after reviewing previous decisions relating to such an instruction:

> "In effect, we have held that it is not error to give it in certain cases, but it would be a rare situation, indeed, where it would be error to fail to give it because the usual instruction on negligence sufficiently covers what a reasonably prudent person would do under all circumstances, including those of sudden emergency."

Finally, plaintiff contends that the trial court erred in denying her motion for "directed liability," upon the ground that the uncontradicted evidence showed that the accident was the result of the violation by defendant of his common law duty to inspect his vehicle and its equipment, as well as "violation of numerous statutory duties relating to the use of defective equipment on vehicles."

As previously stated, and after reading the record, we do not believe that the evidence of such alleged violations was uncontradicted. In addition, the specifications of negligence in plaintiff's complaint, on the basis of which the case was submitted to the jury, were only that defendant was negligent in failing to keep a proper lookout, in driving at an unreasonable speed under the circumstances and in failing to keep his vehicle under proper control. There was a conflict of evidence on each of these charges of negligence.

■ Under these circumstances we hold that it was not error for the trial court to deny plaintiff's motion and to submit the issue of negligence to the jury. The deciding of that issue was the proper function of the jury in this case, after consideration of all of the evidence, even though we may not necessarily agree with its verdict.

Affirmed.