Argued July 7, affirmed September 18, 1975

SWANSON, *Appellant, v.* HALE, *Respondent.*

539 P2d 1073

*William B. Reisbick,* Milwaukie, argued the cause and filed briefs for appellant.

*Carrell F. Bradley* of Schwenn, Bradley, Batchelor & Bailey, Hillsboro, argued the cause and filed a brief for respondent.

BRYSON, J.

This is an action to recover damages for injuries plaintiff sustained when the vehicle in which she was a passenger was struck from the rear by the vehicle driven by defendant. Both vehicles were proceeding on Tualatin Valley Highway in Washington County, which has two lanes of traffic in each direction. Judgment was entered in favor of defendant on a unanimous jury verdict and plaintiff appeals.

Plaintiff assigns as error the court's instructing the jury on emergency, Oregon Uniform Jury Instruction 10.10. Plaintiff contends that the court erred (1) because the evidence was clear that defendant's own negligence created or contributed to the purported emergency; (2) because the evidence failed to show that defendant's conduct measured up to that of a reasonable man under the circumstances. Whether there is an emergency under all of the evidence is a question of fact for the jury. *Noble v. Sears,* 122 Or 162, 169, 257 P 809 (1927); *Harkins v. Doyle,* 271 Or 664, 533 P2d 785 (1975).

The car in which plaintiff was a passenger and the defendant's car were proceeding in the same direction in the inside lane. Defendant's car was four or

five car lengths behind the plaintiff's car. Plaintiff's husband testified that he was driving 30 to 35 miles per hour. A third car with several children in it was proceeding in the same direction as plaintiff and defendant in the outside, or curb, lane. The road surface was slippery and it was snowing. Plaintiff's husband further testified that the driver of the third car did not have control of her car and it was "slipping." The third car spun to the left in front of the plaintiff's car and "dead stopped" across the inside lane of traffic. Plaintiff's car slowed and turned to the right and into the curb lane. The defendant followed the plaintiff's car. There is no dispute as to the aforementioned testimony.

Defendant testified the incident happened in "a split second." He had to either hit the third car broadside or follow plaintiff's car, which he did, but could not stop before striking the plaintiff's vehicle. Photographic exhibits show a small dent in the trunk lid of plaintiff's car and slight contact with the bumper. Defendant testified he was going 5 to 10 miles per hour when he "bumped the Swanson vehicle." Defendant's vehicle was struck in the rear by the vehicle following him.

■ In *Harkins v. Doyle, supra,* we reviewed recent Oregon cases pertaining to the giving of the emergency instruction and stated:

"* * * Although the giving of emergency instruction should be avoided, we cannot say that it was error to give the instruction * * *."

Contrary to plaintiff's contention, there is evidence that the defendant's action was not occasioned by his own negligence. The sudden sliding of the third car into plaintiff's and defendant's lane of traffic, with snow on the highway, required quick action on the part of the defendant as to which course to follow. It was for the jury to decide whether an emergency ex-

isted, and we cannot say that the court erred in submitting the issue to the jury.

The plaintiff also contends that the court erred in admitting the plaintiff's original verified complaint into evidence. Plaintiff's original complaint named this defendant, Gerald Hale, and also A. B. Volvo, Volvo Western Distributing, Inc., and Herzog, Inc., as defendants and demanded $100,000 general damages together with special and punitive damages. Defendant filed a supplemental answer alleging "the plaintiff and the defendants A. B. Volvo, Volvo Western Distributing, Inc., and Herzog, Inc., entered into an agreement whereby the plaintiff was paid $2,000.00 to compensate her for the injuries she alleged to have received as a result of the collision described in the plaintiff's second amended complaint" and "plaintiff has been fully compensated for any damages incurred or received." Plaintiff did not deny these allegations.

Plaintiff's original complaint alleged that "[t]he injuries [caused by a defect in the design of the harness seat belt] and damages suffered by plaintiff as a consequence of the above-mentioned collision were the proximate cause of defendants Volvo * * *."

The amended complaint against defendant Hale only, and on which the case was tried, alleged general damages in a larger sum than the original complaint and that the injuries were caused by defendant Hale.

■ We fail to see how plaintiff was prejudiced by the original complaint being received in evidence. Plaintiff admitted, without objection, that she sued A. B. Volvo and others for the injuries sustained in the accident and accepted $2,000 to compensate her for those injuries. Certainly the original complaint is relevant on the issue of damages and causation.

In *Moore v. Drennan,* 269 Or 189, 523 P2d 1250

(1974), the original complaint was received in evidence over objection. We held:

> "* * * This court, and the majority of courts, follow the rule that where a complainant's pleading is subsequently abandoned or superseded, the original pleading is admissible as an evidentiary admission to refute or impeach the present pleading or testimony of the complainant, subject to the right of the complainant to explain any inconsistency. * * *"

*See also Ardueser v. Rahier,* 261 Or 521, 525, 495 P2d 724 (1972); 52 ALR2d 516, § 3(a) (1957); McCormick, Law of Evidence § 265 at 634 (2d ed Cleary 1972).

Affirmed.