Argued and submitted June 29, reversed and remanded November 12, reconsideration denied December 31, 1987, petition for review denied February 2, 1988 (305 Or 45)

TEMPLETON,
*Appellant,*

*v.*

SMITH,
*Respondent.*

(16-85-08262; CA A41250 (Control))

TEMPLETON,
*Appellant,*

*v.*

SMITH,
*Respondent.*

(16-86-00186; CA A41251)
(Cases Consolidated)

744 P2d 1325

Paula E. Downing, Eugene, argued the cause for appellants. With her on the briefs was Dwyer, Simpson, & Wold, P.C., Eugene.

Randall Bryson, Eugene, argued the cause for respondent. With him on the brief were Calkins & Calkins and Bryson & Bryson, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., dissenting.

## ROSSMAN, J.

In this rear-end automobile collision case, plaintiffs appeal a judgment for defendant entered after a jury verdict.[1] The sole assignment of error is that the trial court erred in instructing the jury on "sudden emergency," UCJI No. 10.10.[2] We reverse.

Defendant testified that she was approaching a red traffic signal behind plaintiffs' vehicle, traveling in fairly heavy stop and go traffic at not more than 15 miles per hour. She looked in her rear view mirror momentarily. When she looked back at the road, plaintiffs' vehicle had stopped. Defendant applied her brakes but was unable to avoid the collision. Plaintiffs testified that they stopped between ten feet and one car length behind the preceding vehicle. At defendant's request, the trial judge gave the emergency instruction. During its deliberations, the jury requested that it be reinstructed on negligence, and the judge read them instructions on causation and negligence, UCJI 10.01 and 10.02. The jury returned a verdict for the defendant.

■ The emergency instruction is not favored:

> "* * * [T]his instruction is to be avoided, and * * * rarely, if ever, will a failure to give the instruction constitute reversible error. * * * [The] usual instructions on negligence sufficiently cover what a reasonably prudent person would do under all circumstances, including those of sudden emergency." *Jones v. Mitchell Bros.*, 266 Or 513, 526-527, 511 P2d 347 (1973). (Citations omitted.)

We doubt that an emergency charge should ever be given in an ordinary automobile accident case. *See Vander Laan v. Miedema*, 385 Mich 226, 188 NW2d 564 (1971); *Finley v.*

---

[1] Plaintiffs are the driver and passenger of the rear-ended vehicle. Their cases were consolidated for both trial and appeal.

[2] The court gave this instruction:

"Every person has the right to assume that others will obey the law, unless and until that person knows or is—or, in the exercise of reasonable care, should know otherwise. People who are suddenly placed in a position of peril, through no negligence of their own, and who are compelled to act without opportunity for reflection, are not negligent if they make such a choice as a reasonably careful person placed in such position might make, even though they do not make the wisest choice."

*Wiley,* 103 NJ Super 95, 246 A2d 715 (1968). As Prosser and Keeton state:

> "* * * [S]ome 'emergencies' must be anticipated, and the actor must be prepared to meet them when he engages in an activity in which they are likely to arise. Thus, under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles and persons in the highway, and of other vehicles at intersections, just as one who sees a child on the curb may be required to anticipate its sudden dash into the street * * *." *Torts* 197 § 33, (5th ed 1984). (Footnotes omitted.)

■  This case is a "rear-ender." Defendant was not confronted with anything even closely resembling an emergency. Plaintiffs came to a stop in front of defendant sooner than she expected. She failed to see plaintiffs stop because she was looking in her rear view mirror. If a hazard existed at all, it was the type which should be anticipated under the circumstances of ordinary driving. There were no extraordinary circumstances, such as a truck careening out of control or a sudden mechanical failure. *See Weitzel v. Wingard,* 274 Or 185, 546 P2d 121 (1976); *Swanson v. Hale,* 273 Or 138, 539 P2d 1073 (1975); *Harkins v. Doyle,* 271 Or 664, 533 P2d 785 (1975); *Rankin v. White,* 258 Or 252, 482 P2d 530 (1971).

■  Allowing the emergency instruction here would encourage extension of a superfluous instruction to a huge number of automobile accident cases. Using the instruction in this case would unfairly emphasize defendant's evidence and confuse the jury. Those concerns are clearly illustrated here by the fact that the jury in this simple negligence case requested reinstruction.

Reversed and remanded.

**WARREN, J.,** dissenting.

I agree with the majority that an "emergency" instruction should rarely, if ever, be given. That is so because the concept is covered by the ordinary instructions on negligence and is a matter for argument to the jury.

I dissent only because we should not reverse a trial court for the giving or failing to give jury instructions unless we can affirmatively say that the outcome was probably affected. *Waterway Terminals v. P. S. Lord,* 256 Or 361, 370

474 P2d 309 (1970). There was evidence from which a jury could find that a sudden emergency occurred through no fault of defendant. Because the theory of sudden emergency could legitimately be urged to the jury, the giving of the instruction is unlikely to have had any effect on the result.

From the evidence recited by the majority, a jury could conclude that plaintiffs' vehicle stopped an unusually great distance behind the preceding vehicle and that it therefore must have been stopped suddenly in front of defendant and that defendant could not have reasonably anticipated the sudden stop and was therefore faced with an emergency not of her own making. Given the testimony concerning fairly congested traffic, the jury could also conclude that defendant reacted reasonably by applying her brakes instead of attempting to swerve suddenly into an adjoining lane.

Most of the majority opinion is devoted to a proposition that is not in issue, *i.e.*, whether any instruction on "sudden emergency" should have been given. The Supreme Court has noted that general jury instructions on negligence cover the "sudden emergency" situation and that it would rarely, if ever, be reversible error to refuse to give it. *Jones v. Mitchell Bros.*, 266 Or 513, 511 P2d 347 (1973). The only issue preserved in this case is whether there was *any* evidence to support an emergency instruction, assuming one should ever be given.