# RAMBO,
## *Appellant,*

### *v.*

# McCULLOCH,
## *Respondent.*

## (85-1552; CA A40498)

752 P2d 347

Clayton C. Patrick, Salem, argued the cause for appellant. With him on the briefs was Richard D. Gatti, Salem.

Edwin A. Daniel, Oregon City, argued the cause for respondent. With him on the brief were Frederic D. Canning and Canning, Tait & McKenzie, P.C., Oregon City.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

This is an action to recover damages that plaintiff sustained when the vehicle that she was driving was struck from behind by defendant's vehicle. Defendant contended that he was unable to control his vehicle properly and avoid the accident, because his vehicle's left front brake locked. The jury returned a verdict for defendant. Plaintiff appeals and assigns as errors the trial court's giving an emergency instruction and its failure to grant a directed verdict in favor of plaintiff. We affirm.

The accident occurred as defendant was traveling behind plaintiff on a two-lane highway. Defendant was driving approximately 30 to 35 miles per hour, in a 40-mile per hour zone, and was five or six car lengths behind plaintiff. Both cars proceeded over a small hill and down around a curve toward an intersection. The road was dry, visibility was good and traffic was moderate. At the intersection, plaintiff stopped behind a vehicle which was waiting to make a left-hand turn. The road is very narrow at the intersection. Defendant testified that, when he was approximately four to five car lengths behind plaintiff, he saw her brake lights come on and stepped on his brakes. When he applied the brakes, the car began to pull left toward oncoming traffic in the opposite lane. He let up on the brakes and then re-applied pressure, which caused the left front brake and wheel to lock. He tried to control his vehicle and applied more brake pressure. The vehicle went into a skid, and defendant pulled to the right in an effort to avoid both the oncoming traffic and plaintiff's vehicle. Plaintiff had been stopped for a few seconds (long enough for several cars to pass in the opposite direction) before the collision. Defendant's speed at impact was approximately 12 to 15 miles per hour. The left front of his vehicle struck the right rear of plaintiff's, causing significant damage to both cars.

Immediately after the accident, defendant told the investigating police officer, plaintiff and an independent witness that his brakes had locked. He testified that, considering his speed and distance behind plaintiff's vehicle, he believed that, had his brakes functioned normally, he would have been able to stop without any problem. He had had no previous problems with his brakes. There were long skid marks on the

left side of the lane and at least two marks on the right. When defendant examined the wheel, he discovered a piece of brake lining jammed between the rest of the brake lining and the brake drum. There was testimony from an independent witness that defendant was traveling at approximately 45 miles per hour as he approached plaintiff, that he did not appear to be slowing and that he was trying to pass plaintiff on the right.

The trial court instructed:

"Next I instruct you that it is the law that people who are suddenly placed in a position of peril through no negligence or fault of their own and who are compelled to act without opportunity for reflection are not negligent if they make such a choice as a reasonably careful person placed in such a position might make even though they do not make the wisest choice."

Plaintiff contends that it was error to give the instruction, because there was insufficient evidence of an emergency situation arising from causes other than defendant's own negligence and because the Supreme Court has held that the instruction is unnecessary and should be avoided.[1]

■ Although, generally, it is true that an emergency instruction should be avoided and that it is rarely error to refuse to give one, the Supreme Court has held that, under the appropriate circumstances, giving the instruction is not error. *See Swanson v. Hale,* 273 Or 138, 539 P2d 1073 (1975); *Harkins v. Doyle,* 271 Or 664, 667, 533 P2d 785 (1975). We need not decide whether defendant was, in fact, confronted with an emergency. That is a question for the jury. *Harkins v. Doyle, supra.* Rather, we need only review to determine whether there was sufficient evidence to support a finding of an emergency and thus, an instruction. *See Bowden v. Texas Pac. Lbr.,* 42 Or App 711, 601 P2d 841, *rev den* 288 Or 253 (1979).

■ We hold that the evidence in this case is sufficient to support a finding that defendant was faced with an emergency outside of his control, which was caused by the jammed brake lining and subsequent locking of the wheel and which limited

---

[1] Plaintiff also argues that there was no evidence that defendant had a choice regarding the proper course of action. Without deciding whether plaintiff excepted with sufficient particularity to preserve this objection, *see* ORCP 59H, the evidence was that defendant had a choice of whether or not to apply his brakes continuously.

his ability to drive and control his vehicle effectively.[2] Additionally, there is evidence that, before the accident, defendant's vehicle was under control, that he was driving within the speed limit at an adequate distance behind plaintiff's vehicle and that he was maintaining a proper lookout. Defendant's failure to offer evidence of a mechanical defect other than by his own testimony may affect the credibility of his testimony, but that is a question for the jury to decide. *Weitzel v. Wingard,* 274 Or 185, 546 P2d 121 (1976). In the light of the evidence presented, we cannot say that giving the instruction substantially prejudiced plaintiff. *See* ORS 19.125(2); *Collett v. Cascade Health Care,* 43 Or App 489, 603 P2d 369 (1979), *rev den* 288 Or 527 (1980).[3]

■   Plaintiff also contends that the court erred in failing to supplement the instruction with this language:

> "A person whose own negligence contributes to emergency cannot take refuge in emergency in order to escape liability for his own fault."

In *Jones v. Burns,* 257 Or 312, 478 P2d 611 (1970), the Supreme Court held that Uniform Jury Instruction 10.10, which is similar to the emergency instruction given here, is a correct statement of the law.[4] The trial court did not err. *See Wills v. Petros et al,* 225 Or 122, 126, 357 P2d 394 (1960).

■   Plaintiff's final contention is that the trial court erred in failing to grant plaintiff a directed verdict on the issue of liability. Except in unusual instances, the issue of negligence in automobile collision cases is for the jury. *McPherson v. Cochran,* 243 Or 399, 402, 414 P2d 321 (1966). We cannot say that there was no evidence from which the jury could have

---

[2] In *Templeton v. Smith,* 88 Or App 266, 269, 744 P2d 1325 (1987), *rev den* 305 Or 45 (1988), we held that the court erred in giving the emergency instruction because, if a hazard did exist, it was of the type which should be anticipated under the circumstances of ordinary driving and there were no extraordinary circumstances, such as a sudden mechanical failure. *Templeton v. Smith, supra.* In contrast, in this case there may have been a mechanical failure.

[3] Plaintiff argues, in addition to the inadequacy of the evidence, that the instruction was prejudicial, because the jury, after retiring to deliberate, asked to hear the instruction again, and the judge repeated the instruction twice. However, even if that action did unduly emphasize one aspect of the evidence, plaintiff did not object to the court's reinstructing the jury.

[4] We detect no substantive difference between the instruction given in this case and Uniform Jury Instruction 10.10, which eliminates the language "or fault."

found that defendant was not negligent. *See Brown v. J. C. Penney Co.,* 297 Or 695, 688 P2d 811 (1984).

Affirmed.