Argued and submitted November 13, 1992, reversed and remanded June 2,
reconsideration denied August 4, petition for review denied August 24, 1993
(317 Or 486)

Jared SCOTT,
by his guardian ad litem,
Beverly J. Scott,
*Appellant,*

*v.*

Cheryl Marie IVERSON,
*Respondent.*

(90CV-0264-TM; CA A74384)

853 P2d 302

Lawrence W. Erwin and Babb, Avedovech & Erwin, Bend, filed the briefs for appellant.

Michael A. Lehner, Portland, argued the cause for respondent. With him on the brief were Edward L. Sears and Lehner, Mitchell, Rodrigues & Sears, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Plaintiff, a minor, appeals from the judgment for defendant in this action for damages resulting from the collision between his bicycle and defendant's automobile. Plaintiff assigns error to the court's giving of the "emergency instruction":

"People who are suddenly placed in a position of peril through no negligence of their own and who are compelled to act without opportunity for reflection are not negligent if they made such a choice as a reasonably careful person placed in such a position might make, even though they do not make the wisest choice."[1]

Plaintiff alleged that defendant was negligent both in colliding with him and, after the collision, in continuing to operate the automobile while plaintiff and the bicycle were trapped under it. There was ample evidence from which the jury could find that either or both parties were negligent. The jury found that defendant was not negligent and, therefore, did not reach the other questions on the verdict form.

Plaintiff argues that there was no evidence from which the jury could find that defendant was confronted with an emergency of the kind contemplated by the instruction. In *Frangos v. Edmunds*, 179 Or 577, 607-08, 173 P2d 596 (1946), the court said that "the emergency doctrine ordinarily applies only when the evidence discloses that alternative action is possible and that quick judgment is required." *See also Fenton v. Aleshire*, 238 Or 24, 30, 393 P2d 217 (1964). Implicit in plaintiff's argument is that defendant exercised no judgment and did not select between alternative courses of action, but was completely oblivious to the events.

Defendant states her version of the relevant facts in her brief:

"Defendant did not see the plaintiff approach and did not know what caused the thump. After the impact, defendant lost control of her car and was unable to steer. She tried to apply the brakes but they didn't seem to work properly. The car began to slide sideways as if it was on ice.

---

[1] Defendant contends that plaintiff's exception to the instruction on the basis that "there was no peril or emergency situation," was not sufficient to preserve the principal argument that plaintiff now makes. We disagree.

"Defendant's car continued turning left and witnesses said it appeared to move at an unusual angle. The plaintiff's bike may have become momentarily wedged against defendant's right front wheel, because the car acted like the wheels were jammed. Defendant's vehicle traveled about twenty-six (26) feet after the impact."

Defendant contends:

"Plaintiff appears to argue there was no emergency because defendant did not see the plaintiff before the initial impact and therefore cannot claim to have reacted in an emergency fashion. This argument ignores plaintiff's additional allegation that, once aware of plaintiff's presence and, knowing there had been a collision, defendant continued to drive without heeding the warnings and exhortations of plaintiff and witnesses. Defendant's evidence that she could not maintain control of her car because of some mechanical interference with the steering and brakes established the emergency circumstances."

Viewing the evidence as favorably to defendant as possible, there is no basis for concluding that she comes within the emergency doctrine. Before the accident, she was unaware of plaintiff's whereabouts and was confronted with and made no choice about what course of action to follow. After the accident, according to defendant, her car was out of control and she could not stop it. The difficulty with defendant's argument is that, if her evidence is to be believed, she had no combined awareness of and control over the situation at any material time, and had no courses of action to choose between or ability to make a choice. *Ipso facto*, she had no choice to make. The evidence that defendant claims could show an emergency does not; rather, if believed, that evidence could only show that defendant was not negligent or that the accident was caused by something other than her negligence, *i.e.*, the very inability to see plaintiff in time and the inability to stop the car.

*Fenton v. Aleshire, supra*, on which defendant relies for the proposition that a child's "darting" into traffic supplies the necessary elements of an emergency, without more, does not stand for that proposition. Instead, the court in that case said that the evidence permitted an inference that the driver was confronted with a choice of which way to turn to avoid the accident. 238 Or at 30. Also inapposite is *Weitzel v.*

*Wingard*, 274 Or 185, 546 P2d 121 (1976), on which defendant appears to rely for the proposition that mechanical problems *per se* constitute emergencies of the kind that the instruction envisions. The court held there that the instruction was proper, because it bore on the contributory negligence of the *other* driver when mechanical problems with the defendant's vehicle resulted in its crossing the center line onto the wrong side of the road.[2]

This case also differs from *Rambo v. McCulloch*, 90 Or App 392, 752 P2d 347 (1988), where we held that the emergency was a product of the jamming of the defendant's brakes. However, in response to that emergency, the defendant attempted various tactics to avoid colliding with the rear end of the plaintiff's vehicle or oncoming traffic. Here, the evidence showed no responsive effort on defendant's part, except an unsuccessful attempt to stop her car. *Rambo* does not suggest that a mechanical failure is an emergency in itself, if the only "choice" that it occasions is to attempt the single available course of action that the mechanical failure makes it impossible to complete.

We said in *Templeton v. Smith*, 88 Or App 266, 268, 744 P2d 1325 (1987), *rev den* 305 Or 45 (1988), that "[w]e doubt that an emergency charge should ever be given in an ordinary automobile accident case." Judge Warren, in his dissent, agreed and added that the "concept is covered by the ordinary instructions on negligence and is a matter for argument to the jury." 88 Or App at 269. In this case, everything that defendant advances to defend the emergency instruction is relevant to whether defendant was negligent and caused the injuries, but not to whether an emergency existed. The instruction could only have suggested to the jury, incorrectly, that there was a basis, independent of defendant's compliance with the reasonable person standard, for a finding that she was not negligent.

Reversed and remanded.

---

[2] Because it was not preserved, the court did not reach the argument that the defendant had "no choice" about where she was traveling, given the malfunction of her vehicle.