Argued and submitted January 14, 1997; reassigned February 3, reassigned
July 29, decision of Court of Appeals and judgment of circuit court affirmed ·
December 3, 1998

Christopher LANE,
*Petitioner on Review,*

*v.*

Robert Larry BROWN,
*Respondent on Review.*

(CC 93-73; CA A84805 (Control))

Laurie Joy INGER,
*Petitioner on Review,*

*v.*

Robert Larry BROWN,
*Respondent on Review.*

(CC 93-7; CA A84806; SC S42992)

970 P2d 206

Glen H. Downs, Portland, argued the cause for petitioners on review. With him on the briefs was Gerald C. Doblie, of Doblie & Associates, Portland.

Denny Z. Zikes, Beaverton, argued the cause and filed the briefs for respondent on review.

Lawrence Baron and Daniel L. Keppler, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Joel S. DeVore, of Luvaas, Cobb, Richards & Fraser, P.C., Eugene, filed a brief for *amicus curiae* Oregon Association of Defense Counsel.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

GILLETTE, J.

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

## GILLETTE, J.

■    In this personal injury action arising out of an automobile accident, the issue involves whether the trial court properly gave the so-called "emergency" instruction to the jury. The trial court gave the instruction over plaintiffs' objection, and the jury returned a verdict in defendant's favor. Plaintiffs appealed to the Court of Appeals, arguing that the evidence did not establish an "emergency" that would support giving the instruction. The Court of Appeals disagreed and held that the trial court did not err in giving the instruction. *Lane v. Brown*, 138 Or App 34, 906 P2d 821 (1995). Plaintiffs petition for review on two principal grounds: First, they argue that the emergency instruction was redundant and confusing to the jurors and, for that reason, giving the instruction was legal error. In the same vein, plaintiffs also contend more generally that the emergency instruction is redundant and confusing to jurors in every case, and that this court should forbid its use in Oregon. Second, they argue that the evidence in the present case did not justify giving the emergency instruction here.

■■    We allowed review primarily to consider plaintiffs' first argument, including the continuing validity of the instruction. On close review of the record, however, we have determined that that issue was not preserved below and, therefore, it is not properly before this court.[1] With respect to the remaining issue—the sufficiency of the evidence—we affirm the decision of the Court of Appeals.

The facts of the case were summarized adequately by the Court of Appeals,[2] and we repeat that summary here.

---

[1] A party who disagrees with a proposed jury instruction must inform the court of the specific grounds for the exception. ORCP 59 H; *see also Beecher v. Montgomery Ward & Co.*, 267 Or 496, 503, 517 P2d 667 (1973) (exceptions to jury instructions must be clear to insure that trial court understands what is intended and has opportunity to correct mistakes). An exception on one ground does not preserve the error on another ground. *See Weitzel v. Wingard*, 274 Or 185, 192-93, 546 P2d 121 (1976) (illustrating proposition); *Transpacific Leas. v. Klineline Sand*, 272 Or 133, 147, 535 P2d 1360 (1975) (same). At trial in this case, plaintiffs' counsel objected to, and later took an exception to, the emergency instruction solely on the ground that it was not supported by the evidence. That objection and exception did not preserve the argument plaintiffs now make before this court that the emergency instruction is redundant and confusing and should be abolished.

[2] Because the jury found in favor of defendant, the Court of Appeals recited the facts in the light most favorable to him. *See* Or Const, Art VII (Amended), § 3 ("no

"On November 15, 1991, defendant was driving west on Highway 26 near Mount Hood. Defendant had driven approximately 200 miles before the accident. The weather was clear, visibility was good, and the roads were dry. The tires on defendant's pickup were almost new, studded snow tires. He had the pickup in 2-wheel drive, because the owner's manual recommended against driving the pickup in 4-wheel drive on dry pavement.

"Defendant's speed did not exceed 50 miles per hour, in a 55-mile-per-hour zone. As defendant approached a place where the road curved to the right, he slowed to 45 miles per hour. He explained that, on a prior occasion, his brother had hit a deer, and he was especially watchful in wooded areas in case a deer ran out onto the road. Suddenly, the rear of defendant's pickup skidded to the right. Defendant tried to correct the skid by letting up on the accelerator, turning the steering wheel in the direction of the skid and keeping his foot off the brake pedal. Defendant was unable to regain control of the pickup. It shot to the left, slid across the highway and collided with plaintiffs' car.

"An eyewitness, who had been driving behind defendant, stopped his pickup and placed flares in the road to warn other motorists of the accident. He testified that the road was slick and icy in the spot where defendant's pickup began skidding. He stated that the road had been dry and clear up to that point. An ambulance driver who drove to the accident testified that he had approached the scene from the east, the same direction from which defendant had been driving, and that he had encountered no adverse road conditions in the 15 miles that he had driven to the accident."

*Lane*, 138 Or App at 36-37.

At trial, defendant requested that the jury be given the "emergency instruction," Uniform Civil Jury Instruction No. 20.08, which provides:

"People who are suddenly placed in a position of peril through no negligence of their own, and who are compelled

---

fact tried by a jury shall be otherwise reexamined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict"); *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984) (appellate court does not weigh evidence, but considers the evidence, including inferences, in the light most favorable to the prevailing party).

to act without opportunity for reflection, are not negligent if they make such a choice as a reasonably careful person placed in such a position might make, even though they do not make the wisest choice."

Plaintiff objected to that instruction on the ground that there was insufficient evidence to submit it to the jury. The trial court disagreed and gave the instruction. The jury found that defendant was not negligent and returned a verdict in his favor.

Plaintiffs appealed, assigning error to the trial court's decision to give the emergency instruction. In particular, plaintiffs argued to the Court of Appeals that an "emergency" such as to justify giving the emergency instruction should be an extraordinary circumstance, and a patch of ice on the road in winter near Mt. Hood is entirely predictable and does not constitute an "emergency." In addition, plaintiffs asserted that the instruction was inappropriate, because defendant did not make a choice among alternative courses of action when he slid into their car. Finally, plaintiffs argued, giving the emergency instruction in an ordinary negligence case such as the present one would serve only to confuse the jury and unduly to emphasize defendant's evidence.

The Court of Appeals reviewed only the sufficiency of the evidence issue. It concluded that there was sufficient evidence from which the jury could find that the patch of ice that defendant encountered was an aberration on an otherwise dry road and that, before the accident, defendant was driving carefully. *Lane*, 138 Or App at 37-38. It also concluded that there was evidence that defendant made a conscious choice, among possible alternatives, to react to the skid as he did. *Id.* at 38. Under the circumstances, the court held, it was not error for the trial court to give the requested instruction. *Ibid.*

In this court, plaintiffs repeat their argument that the patch of ice that defendant encountered was not an "emergency" to justify giving the emergency instruction. Whether there is an emergency in a particular case is a question of fact for the jury. *Swanson v. Hale*, 273 Or 138, 139-41, 539 P2d 1073 (1975); *Harkins v. Doyle*, 271 Or 664, 667, 533 P2d 785 (1975). In the present case, there was evidence that

road conditions had been completely dry for more than 200 miles before defendant encountered the patch of ice that led to the accident and that defendant had been driving carefully before the accident. Therefore, despite the fact that it was winter in a mountainous region, the jury was entitled to find that, on that particular day, in the particular circumstances of this case, the ice on the road constituted an emergency that placed defendant in a position of peril through no negligence of his own.

Plaintiffs also repeat their argument that the emergency instruction is appropriate only when the evidence discloses that alternative action is possible and that quick judgment is required. In the instant case, according to plaintiffs, there was no evidence that defendant had alternative courses of action available to him and, therefore, it was error for the trial court to give the instruction. Plaintiffs' argument is not well taken. As the Court of Appeals described in detail in its opinion, defendant testified that he reacted to the skid as he had been taught to do in driver's education class—that is, to steer into the skid and take his foot off the brake. *Lane*, 138 Or App at 38. Defendant clearly had alternatives, as plaintiffs' own expert conceded at trial. The fact that defendant testified that there was nothing that he could have done to avoid the crash does not alter the fact that the jury was entitled to infer that defendant made a choice among available alternative courses of action. *See Durnford v. Worden*, 242 Or 536, 539-40, 410 P2d 1020 (1966) (where alternatives actually were available to plaintiff at time of accident, trial court did not err in granting new trial to plaintiff for failure to give plaintiff's requested emergency instruction, even where plaintiff denied that he made a conscious choice).

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.